**The STATE of Texas, Appellant,**

v.

**Caruthers ALEXANDER, Appellee.**

**No. 04–88–00277–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 16, 1988.

Fred G. Rodriguez, Lyndee Bordini, Edward Shaughnessy, III, Crim. Dist. Attys.' Office, San Antonio, for appellant.

Don Roush, Raymond E. Fuchs, San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

OPINION

CANTU, Justice.

Pursuant to TEX.CODE CRIM.PROC. ANN. art. 44.01 (Vernon Supp.1988) the State seeks to appeal the trial court's ruling on appellee's pretrial motion entitled "Motion to Exclude Evidence of Unadjudicated Extraneous Offenses at Punishment Phase of Trial." We dismiss the appeal as premature.

■ Appellee is awaiting retrial for capital murder. During pretrial proceedings he filed, among other things, a motion entitled "Motion to Exclude Evidence of Unadjudicated Extraneous Offenses at Punishment Phase of Trial." The dialogue between the attorneys and the court at the hearing is somewhat unclear. However, before granting the motion the trial court remarked: "... the trouble is you are raising it but you still have to object to it when it comes, whatever the unadjudicated offense is. I don't believe this just eliminates the rules of evidence entirely." After further discussion the court said: "All right. Well, I am going to grant it anyway, at this point, and we'll argue about the rules of evidence when we get to that point." We conclude that the trial judge treated appel-

**126**

lee's motion as a motion in limine. A ruling on a motion in limine by itself cannot create reversible error. *Harrington v. State,* 547 S.W.2d 616, 620 (Tex.Crim.App. 1977), *Lopez v. State,* 535 S.W.2d 643, 650 (Tex.Crim.App.1976). We hold that the State's appeal in this matter is premature. The trial court's decision on appellee's motion in limine cannot be attacked on appeal.

Moreover, we are not convinced that the State is entitled to bring this appeal in any event.

TEX.CODE CRIM.PROC.ANN. art. 44.-01 in pertinent part provides:

(a) The State is entitled to appeal an order of a court in a criminal case if the order:

\* \* \* \* \* \*

(5) *grants a motion to suppress evidence,* or confession, or an admission, if jeopardy has not attached in the case *and* if *the prosecuting attorney certifies to the trial court* that the appeal is not taken for the purpose of delay *and that the evidence, confession,* or admission *is of substantial importance in the case.* (Emphasis ours)

The record reflects that the State indeed complied with the requisites for invoking appellate jurisdiction under the foregoing statute.

Nevertheless, our examination of the record does not find support for the State's position.

Besides the *Motion to Exclude Evidence of Unadjudicated Extraneous Offenses at Punishment Phase of Trial* filed by appellee, out of which this attempted appeal arises, a motion entitled *Motion to Require the State to Disclose any Prior Acts of Misconduct or Extraneous Offenses* was filed and ruled upon by the trial court.

At that hearing the following transpired:
THE COURT: Motion to require the state to disclose prior acts of misconduct or extraneous offenses. If you have any prior acts of misconduct or extraneous offenses you propose to use against him, show him what they are and tell him what they are.

MS. BORDINI [The Prosecutor]: The *prior convictions* already alleged and brought out at the last trial.
MR. FUCHS [Defense Counsel]: That's it?
THE COURT: That's it. That is what she is telling you. Okay. So, that motion is granted. [Emphasis ours]

This latter motion was a more general motion and required disclosure of any prior acts of misconduct or extraneous offenses whether adjudicated or unadjudicated.

The State through its prosecutor, replied that only adjudicated offenses or acts of misconduct resulting in conviction were to be used.

The trial court and appellee were entitled to rely on this representation by the State. Thus, if there existed no unadjudicated extraneous offenses the use of which was contemplated by the State, it can hardly be said that the trial court's ruling excluding evidence affected evidence of substantial importance in the case.

In any event, the trial court's treatment of the motion as one in limine leaves the question of exclusion of evidence pending before the court until such time as a proffer of evidence is attempted by the State.

The appeal is dismissed as premature.