The STATE of Texas, Appellant,

v.

Michael Bennett MONROE, Appellee.

No. 01–90–00667–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1991.

Discretionary Review Refused
Oct. 16, 1991.

Robert R. Scott, Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., for appellee.

Before TREVATHAN, C.J., and DUNN and DUGGAN, JJ.

## OPINION

DUNN, Justice.

The State brings this interlocutory appeal to the trial court's order granting the appellee's, Michael Bennett Monroe's, motion to suppress evidence.

The appellee, indicted for aggravated robbery, filed a pretrial motion to suppress evidence of unadjudicated offenses pending against him. He claimed that if he was convicted, the prosecutor would try to introduce evidence, under TEX.CODE CRIM. P.ANN. art. 37.07, § 3(a) (Vernon Supp. 1991), of his unadjudicated offenses at the punishment stage of the trial. After a hearing, the trial court granted the appellee's motion to suppress.

Initially, the appellee contends that this Court is without jurisdiction to consider this interlocutory appeal.

The State brings this interlocutory appeal under TEX.CODE CRIM.P.ANN. art. 44.-01(a)(5) (Vernon Supp.1991), which provides that the State may appeal an order granting a motion to suppress evidence.

■ The appellee contends that although the motion granted by the trial court is titled "motion to suppress," it was, in reality, a "motion in limine." A review of the appellee's "motion to suppress" reveals that it is not only titled "motion to suppress," it is also a motion to suppress in substance. A motion to suppress "eliminate[s] [evidence] from the trial of a criminal case." BLACK'S LAW DICTIONARY 914

(5th ed. 1979). A motion in limine merely requires a party to approach the trial judge before introducing or referring to certain evidence; the trial judge may, at that time, either exclude or allow the evidence. *See Gonzales v. State,* 685 S.W.2d 47, 50 (Tex. Crim.App.1985) (granting motion in limine does not preserve error), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985); *Green v. State,* 658 S.W.2d 303, 309 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) (ruling on motion in limine does not preserve error); BLACK'S LAW DICTIONARY 914 (motion in limine is not ruling on evidence). The appellee's motion states that evidence of the unadjudicated offenses should be suppressed; it does not refer to approaching the trial court or obtaining a ruling on the admissibility of the evidence before introducing it or referring to it. We find that the appellee's motion was a "motion to suppress."

■ The appellee also contends that this Court is without jurisdiction because the State failed to show the evidence suppressed is of substantial importance in the case because the order suppressed evidence of the unadjudicated offenses only at the punishment stage of the trial. The State, when appealing an order granting a motion to suppress, is required to certify *to the trial court* that the evidence is "of substantial importance in the case." TEX.CODE CRIM.P.ANN. art. 44.01(a)(5). The State certified in its notice of appeal that the evidence suppressed is of substantial importance in the case. We find that the State met the requirements of article 44.01(a)(5).

Moreover, the trial court's order granted the appellee's motion to suppress. We do not read the appellee's motion narrowly so it applies only to the punishment stage of the trial. In the motion to suppress, the appellee asserted that the prosecutor would try to introduce the evidence at the punishment stage. However, the appellee then stated that "[a]ny evidence of other offenses that are not final in nature should be surpressed [sic]." The appellee did not limit his motion to suppression of evidence at the punishment stage. We interpret the

appellee's motion to apply to evidence at both stages of the trial.

█ Finally, the appellee contends that this Court is without jurisdiction because the issue is not ripe. The appellee contends that the State engages in mere conjecture concerning whether the evidence would become admissible at trial. The appellee contends that this issue may be rendered moot by trial.

The Code of Criminal Procedure provides, "[t]he state is entitled to appeal an order of a court in a criminal case if the order ... grants a motion to suppress evidence ... if jeopardy has not attached in the case." article 44.01(a)(5). The State may appeal an order granting a motion to suppress only before jeopardy attaches. In the present case, if the State is required to proceed to trial to determine whether the evidence will become relevant, it will lose its right to appeal the order granting the appellee's motion to suppress. Jeopardy will have attached by the time trial begins. *See Garza v. State,* 658 S.W.2d 152, 155 (Tex.Crim.App. [Panel Op.] 1982) (jeopardy attached when jury empaneled and sworn), *cert. denied,* 464 U.S. 863, 104 S.Ct. 194, 78 L.Ed.2d 171 (1983). Thus, we find the issue is ripe for review by this Court.

We find this Court has jurisdiction to consider this appeal.

In its sole point of error, the State contends that the trial court erred in prematurely granting the appellee's motion to suppress.

█ The exclusion of evidence is a matter within the discretion of the trial court. *Jackson v. State,* 575 S.W.2d 567, 570 (Tex. Crim.App. [Panel Op.] 1979); *State v. Lopez,* 763 S.W.2d 939, 942 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). An appellate court will only reverse a trial court's ruling on the exclusion of evidence if the trial court abused its discretion. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App. 1986); *Lopez,* 763 S.W.2d at 943.

█ Without expressing any opinion concerning whether unadjudicated offenses may be admissible at the punishment stage of the trial, we find that the trial court erred in prematurely granting the appel-

lee's motion to suppress. The evidence of unadjudicated offense may be relevant during the trial. For example, the evidence may be relevant if the appellee raises the issue of mistaken identity. *See Moore v. State,* 700 S.W.2d 193, 201 (Tex.Crim.App. 1985) (extraneous offenses, which were relevant to issue of identification, were admissible), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986); *Casey v. State,* 708 S.W.2d 914, 918 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd) (extraneous offense may become admissible if defendant raises issue of identity); TEX. R.CRIM.EVID. 404(b) (evidence of other wrongs may be admissible to show identity). The order granting the appellee's motion to suppress would prevent, in such circumstances, the introduction of the unadjudicated offenses.

We find the trial court abused its discretion in prematurely granting the appellee's motion to suppress. We sustain the State's sole point of error.

We reverse the order of the trial court and remand the cause for further proceedings.