The STATE of Texas, State,

v.

Charles Francis KAISER, Appellee.

No. 2–91–136–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 20, 1991.

Discretionary Review Refused March 18, 1992.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellant.

Mark G. Daniel, Fort Worth, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION IN RESPONSE TO THE STATE'S PETITION FOR DISCRETIONARY REVIEW

DAY, Justice.

This opinion is in response to a petition for discretionary review filed by the State in this cause. The State, on original submission, addressed the issue of the appealability of the order in question, and of this court's jurisdiction, only superficially. Now, the State for the first time cites authority for the proposition that this order is appealable. Our prior opinion and judgment in this cause are hereby withdrawn, and this opinion is substituted therefor.

This is an appeal from a pretrial preliminary ruling on the use of "child outcry" testimony pursuant to TEX.CODE CRIM. PROC.ANN. art. 38.072 (Vernon Supp. 1991). Because we hold that this appeal is not an appeal from an order granting a "motion to suppress evidence, a confession, or an admission ..." pursuant to TEX. CODE CRIM.PROC.ANN. art. 44.01(a)(5)

(Vernon Supp.1991), we dismiss this appeal for want of jurisdiction.

Appellee was charged with the offense of indecency with a child. *See* TEX.PENAL CODE ANN. § 21.11 (Vernon 1989). On April 10, 1991, a pretrial hearing was held on various pretrial motions of the defense, including a discussion of whether or not article 38.072 requires 14 days written notice, or merely 14 days constructive notice. At the end of both parties' argument, defense counsel asked for an evidentiary hearing on this "motion" at a later date to determine the admissibility of the statement. On April 12, there was another pretrial hearing, and at that time the motion was discussed as an *exception to the hearsay rule*. The State attempted to show that article 38.072 was satisfied by presenting defense counsel with an arrest warrant, with an attached affidavit. The detective's affidavit stated that the victim told her father, who immediately called the police. The court felt the statement in the affidavit was not an outcry statement that satisfied the requirements of the statute. After further argument the prosecution asked the judge for a preliminary ruling as to whether the outcry testimony would be admitted at trial. This exchange followed:

> Court: Let me interrupt you for a moment. The Court had understood from informal discussions with Mr. Daniel that he had not yet objected to it and that he would wait upon the trial to object to it. I'm assuming from all discussions that he, in fact, is going to object to it. I guess that's understood by everybody; is that correct?
>
> Mr. Daniel [defense counsel]: That's a fair understanding, Judge.
>
> Mr. Tosh [prosecution]: Your Honor if I may—
>
> Court: Yes, the Court will rule, then. Go ahead. I'll hear you.
>
> Mr. Tosh: Your Honor, if I may, I believe back on Wednesday, Mr. Daniel is the one who actually brought this up. We had discussed it previously because we both had questions concerning this statement. And I believe he brought it before the Court on Wednesday to make

a determination and you had put it off until today to make that determination. And the State is asking you—I really do need to know how I need to prepare for this case. And I really do need to know: Are you going to allow me to put Mr. Miranda on the stand to use the outcry statement, because, if not, I've got to make some changes in my case.

> Mr. Daniel: Judge, we both need to know.
>
> Court: The objection *will be sustained* then in regards to admissibility under this circumstances [sic] of the proposed evidence of the communications of the child witness to the parent. Is that what we've been discussing all along? [Emphasis added.]

The parties went on to discuss other pretrial matters, and the parties left with the apparent understanding that the case would go to trial the following Monday. After a brief recess, the State came back and announced that the State filed its notice of appeal as to the ruling concerning the "suppression" of the outcry statement.

The State urges that it had the right to appeal, although there was no formal, written motion or order suppressing the evidence, in the following terms: "it is clear from the record that (1) the appellee [Kaiser] objected to the introduction of the outcry testimony; (2) a hearing was held on the admissibility of the statement; (3) both the State and the appellee requested the court rule on whether or not the outcry statement was admissible; and (4) the trial court ruled that the statement could not be used." State's brief at 5. While citing no authority for the following proposition, essentially the State contends that based on the foregoing, this appeal is permissible as an appeal from the grant of a "motion to suppress evidence" and is authorized under TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(5). We disagree.

■ To "suppress evidence" is to keep it from being used in a trial by showing that it was either gathered illegally or that it is irrelevant. The suppression of evidence is the ruling of a trial judge to the effect that evidence sought to be admitted should be

excluded because it was illegally acquired. *Black's Law Dictionary* 1291 (5th Ed. 1979). Generally, the reason such evidence is not admitted is because it was obtained in direct violation of a defendant's constitutional rights under the Fourth, Fifth and Sixth amendments and its Texas Constitution analog (i.e., violations of the right to be secure against unreasonable searches and seizures, involuntary or coerced confessions, or violations of the right to counsel). Thus, the reason for "suppression" of evidence is not because the evidence is in some manner suspect or untrustworthy; the evidence is deemed inadmissible because of our constitutional principles.

The concept of the inherent unreliability of hearsay evidence, on the other hand, long predates our constitution. Hearsay evidence is a statement made in court that repeats an out-of-court statement, thus resting for its value upon the credibility of the person who made the out-of-court remark. This evidence is inadmissible, absent some exception, because of its inherent unreliability, not because it inures to some fundamental right that is constitutionally protected.

The State argues that the Texas statute should be construed to allow the State to appeal any pre-trial evidentiary ruling of the trial court. As the Texas statute is worded more narrowly than the analogous federal statute, (which, in turn, has been construed more narrowly than the construction the State now seeks)[1] we cannot agree.

There is no legislative history in support of § 44.01, but it is clearly based on the federal counterpart. *Moreno v. State*, 807 S.W.2d 327, 329–30 (Tex.Crim. App.1991). In cases in which the Legislature's intention is not altogether clear, the courts must resort to rules of statutory construction to give meaning to legislative enactments. *State v. Shopper's World,*

*Inc.*, 380 S.W.2d 107, 111 (Tex.1964); *Campbell v. State*, 644 S.W.2d 154, 165 (Tex.Civ.App.—Austin 1982) *pet. ref'd.*, 647 S.W.2d 660 (Tex.Civ.App.1983) (en banc).

In construing a statute, where a word is used, it should usually be construed in its ordinary rather than in its technical sense. But when a term unknown to the law has a particular or technical meaning as applied to some art, science or trade, the court will look to the particular craft in order to ascertain its proper significance. *Lloyd A. Fry Roofing Co. v. State*, 541 S.W.2d 639, 642 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.); *Texas & N.O.R. Co. v. W.A. Kelso Building Material Co.*, 250 S.W.2d 426, 430 (Tex.Civ.App.—Galveston 1952, writ ref'd n.r.e.). The term "suppress evidence" in the legal profession has become a term of art with a specific meaning in the legal profession.[2] Thus, we hold that by using the term "suppress" alone, not in conjunction with the broader term "exclude," the Legislature meant to limit the State's appeal to those instances where evidence is suppressed, in the technical sense, not merely excluded.

Further, the existence or nonexistence of the particular intent of a statute may be inferred from the fact that an act does not contain a certain provision. *State v. Jones*, 570 S.W.2d 122, 123 (Tex.Civ. App.—Austin 1978, writ ref'd n.r.e.). Also, the express mention of one person, thing, consequence, or class is tantamount to the express exclusion of all others. *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex.Crim. App. [Panel Op.] 1979); *Lenhard v. Butler*, 745 S.W.2d 101, 105 (Tex.App.—Fort Worth 1988, writ den'd.). *Ex parte Halsted*, 147 Tex.Crim.R., 453, 182 S.W.2d 479, 484 (1944). In enacting § 44.01(a)(5), and by choosing not to parrot the federal statute exactly, the Texas Legislature has excluded any other appeals except from the sup-

---

1. TEX.CODE CRIM.PROC.ANN. § 44.01(a)(5) provides the state with a right of appeal from an order granting a "... motion to suppress evidence, a confession, or an admission." The analogous federal statute, 18 U.S.C.A. § 3731 provides the prosecutor with a right of appeal,

"from a decision or order of a district court suppressing *or excluding* evidence or requiring the return of seized property in a criminal proceeding ..."

2. See, *infra* at page 699.

pression of evidence, a confession or an admission.

■ In contrast, we now turn to the legislative intent in enacting TEX.CODE CRIM.PROC.ANN. § 38.072. In enacting article 38.072, it is unlikely that the Legislature meant to do more than state procedures by which an out-of-court statement could become admissible as an exception to the hearsay rule. The rule was meant to create an exception to the hearsay rule, similar to the longstanding hearsay exception for "outcry" in rape cases. *Holland v. State,* 802 S.W.2d 696, 697 (Tex.Crim.App. 1991); *Campos v. State,* 172 Tex.Crim.R. 179, 356 S.W.2d 317, 318 (1962). The constitutional rights of the defendant are not implicated by this rule,[3] and we find that evidence excluded because the State failed to meet the procedural prerequisites for the admissibility of this statement should not be deemed "suppressed evidence" for the purposes of an interlocutory appeal. *Holland,* 802 S.W.2d at 697–98; *Buckley v. State,* 786 S.W.2d 357, 359 (Tex.Crim.App. 1990).

Moreover, the rationale behind the federal rule supports our decision. In the footnotes in *Moreno,* the Court of Criminal Appeals cites the "Background" provision contained within the Bill Analysis to S.B. 762, now codified at TEX.CODE CRIM. PROC.ANN. art. 44.01. The statements indicate that the decision in *Moreno* was guided by the federal system. The similar federal provision regarding the State's right of appeal in a suppression case is found in 18 U.S.C. § 3731 *et seq.* (1990), which reads: "from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding...."

The background provision further states that a central reason for enactment [of the federal statute] is to prevent the release of defendants because of questionable legal rulings excluding what may be legally ad-

missible evidence. *Moreno,* 807 S.W.2d at 330. This policy supports our lack of jurisdiction for two reasons.

First, the ruling here does not release the defendant or end the State's ability to prosecute this action. The State is not precluded from introducing evidence of the offense in a myriad of ways. The State may introduce the statement of the victim herself, the statement of an examining physician, the statement of a counselor, etc. The State is merely precluded from introducing testimony of the victim's father, relating to the complainant's first statement about the incident.

The mere label attached either to the defendant's motion or to the trial court's order which rules on that motion, cannot determine its appealability under 18 U.S.C.A. § 3731. "To so rule would import an empty formalism into a statute expressly designed to eliminate 'technical distinctions in pleadings as limitations on appeals by the United States.'" House Rules Committee Report on 18 U.S.C. § 3731. The controlling factor in determining the nature of an appeal is the legal effect of the trial court's ruling. *State v. Eaves,* 800 S.W.2d 220, 224 (Tex.Crim.App.1990). The legal effect of the trial court's ruling in this case is to prevent the State from introducing one piece of evidence. It does not have the effect of dismissing the case against this defendant, and the State does not so argue. Indeed, the State does not address this point at all.

■ Secondly, we note that this is not merely a ruling on a question of law. Bound together with the legal question (see footnotes four and five, *supra*) are determinations of fact. The State alleges that counsel for the defense did, in fact, receive actual notice of the State's intention to use this testimony within the proscribed time limits.[4] Similarly, the court stated that when the matter came up at trial, it would

---

3. Except, perhaps, the right of the defendant to confront the witnesses against him. 38.072 adequately protects a defendant's rights under the Confrontation clause. *Holland,* 802 S.W.2d at 697.

4. Kaiser's counsel disputes this contention. Defense counsel contends that he did not receive notice of the State's intent to use the outcry statement until April 8, only seven days before the case was set to go to trial (April 15, 1991).

then rule that the evidence would be inadmissible. This type of preliminary ruling is more akin to a motion in limine than a motion to suppress. A ruling on a motion in limine by itself cannot create reversible error. *Harrington v. State*, 547 S.W.2d 616, 620 (Tex.Crim.App.1977); *State v. Alexander*, 761 S.W.2d 125, 126 (Tex.App.— San Antonio 1988, pet. ref'd). "A defendant cannot rely solely on his motion in limine to preserve error in the admission of evidence. He must object to an offer of specific evidence and obtain a ruling at the trial ... [H]ere, the appellant is complaining of the exclusion of evidence.... In this case, the mere offer of evidence, followed by an adverse ruling is sufficient to preserve the question for review." *Poore v. State*, 524 S.W.2d 294, 295 (Tex.Crim. App.1975). Likewise, a preliminary ruling on the admissibility of evidence pursuant to article 38.072 will not preserve error for appeal—there must be a timely, specific objection proffered at trial. *Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App.1990). Failure to object at the time the evidence is offered waives the complaint. *Soto v. State*, 736 S.W.2d 823, 824 (Tex.App.—San Antonio 1987, pet. ref'd). Assuming, *arguendo*, that the trial judge made a final ruling, this would not change the essential analysis that this ruling was not made on a motion to suppress, and the State would still be precluding from bringing this interlocutory appeal.

We are aware of the holding of the Houston court in *State v. Monroe*, 813 S.W.2d 701 (Tex.App.—Houston [1st. Dist.] 1991, pet. ref'd.), in which the court held that the State could appeal from a motion to suppress evidence "that was, in reality, a motion in limine." *Id.* at 702. However, in that case, the trial court unequivocally granted a defense motion to suppress evidence of extraneous offenses. The court of appeals held that the motion requested the total suppression of certain evidence, and that it did not merely request the State to approach the bench before referring that

evidence. *Id.* Here, the trial judge did not even state that the evidence would be inadmissible at trial; he stated that *if* the State attempted to introduce the testimony without complying with the notice requirements, he *would* sustain an objection (if one was tendered at that time) based on hearsay.

For an appellate court to rule on whether this evidence *should* be admitted at some later point during this trial would be to advise the trial court on the direction his rulings must take to be sustained on a later appeal. The "questionable legal ruling" would not preclude the State from later appealing that ruling post-trial. The state would have the right to appeal this ruling, as it is a ruling on a question of law,[5] if the defendant was convicted (despite the exclusion of this evidence) and the defendant appeals. It is absurd to propose that a defendant may forego his right to an appeal or waive error in the trial court merely to prevent the State from urging a cross-point.

Because we find that this appeal has none of the characteristics of an appeal of a "grant of a motion to suppress evidence" sufficient to fall under TEX.CODE CRIM. PROC.ANN. art. 44.01(a)(5), we have no jurisdiction over this appeal. Consequently, the State's appeal of this preliminary pretrial ruling is dismissed for want of jurisdiction.

---

5. The question the State focuses on in its brief, and the legal question underlying the ruling, is whether the State must provide the required fourteen days notice to the defendant in writing, or if the State's purported "open file" policy is sufficient constructive notice to meet the requirements of TEX.CODE CRIM.PROC.ANN. § 38.072.