July 29, 2008

Ms. Kathleen T. Jackson, Chair
Lower Neches Valley Authority
Post Office Box 5117
Beaumont, Texas 77726-5117

Opinion No. GA-0650

Re: Whether members of the board of directors of the Lower Neches Valley Authority may participate in the Authority's health care plan  (RQ-0673-GA)

Dear Ms. Jackson:

You ask whether members of the board of directors of the Lower Neches Valley Authority may participate in the Authority's health care plan.[1]

The Lower Neches Valley Authority (the "LNVA") was created in 1933 by special act of the Legislature "as a governmental agency, body politic and corporate, vested with all the authority as such under the Constitution and Laws of the State; and which shall have and be recognized to exercise all of the powers of such governmental agency and body politic and corporate as are expressly authorized in the provisions of the Constitution, Section 59 of Article 16." Act approved Oct. 23, 1933, 43d Leg., 1st C.S., ch. 63, 1933 Tex. Gen. Laws 169, 169–70. "The management and control of all the affairs of such district shall be vested in a Board of Directors, consisting of nine (9) members," who are appointed by the governor with the advice and consent of the Senate, and who shall hold office for staggered terms of six years. Act of May 26, 1997, 75th Leg., R.S., ch. 1263, § 1, 1997 Tex. Gen. Laws 4787, 4787.

As a conservation and reclamation district created under article XVI, section 59 of the Texas Constitution, the LNVA is also subject to chapter 49 of the Water Code. Chapter 49 is applicable to "all general and special law districts to the extent that the provisions of this chapter do not directly conflict with a provision in any other chapter of [the Water Code] or any Act creating or affecting a special law district." TEX. WATER CODE ANN. § 49.002(a) (Vernon 2008). The word "district," for purposes of chapter 49, means "any district or authority created by authority of either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution, regardless of how created," but does not include any navigation district or port authority or a district governed by chapter 36 of the Water Code. Id. § 49.001(a)(1).

---

[1]Letter from Ms. Kathleen T. Jackson, Chair, Lower Neches Valley Authority, to Honorable Greg Abbott, Attorney General of Texas (Jan. 29, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

You ask whether members of the board of directors are entitled to participate in the LNVA's health care plan established under section 49.069 of the Water Code. Request Letter, *supra* note 1, at 1. Section 49.069 authorizes a district operating under chapter 49 of the Water Code to offer a health care plan to its *employees*:

> The board may include hospitalization and medical benefits to its employees as part of the compensation paid to the officers and employees and may adopt any plan, rule, or regulation in connection with it and amend or change the plan, rule, or regulation as it may determine.

TEX. WATER CODE ANN. § 49.069(c) (Vernon 2008). We presume for purposes of this opinion that members of the board of directors of the LNVA are "officers" within the meaning of section 49.069(c). The only express authorization to the board is to include hospitalization and medical benefits only in the compensation paid "to its employees." *Id.* Thus, under the plain terms of section 49.069(c), only employees may receive hospitalization and medical benefits as part of their compensation.

It has been suggested, however, that the directors of the LNVA might themselves qualify as "employees" for purposes of section 49.069(c). Request Letter, *supra* note 1, at 2. In a prior opinion, this office considered whether directors of a chapter 49 water district might be classified as "employees" for purposes of participation in a deferred compensation plan. *See* Tex. Att'y Gen. Op. No. JC-0197 (2000). The opinion relied on a decision of the United States Supreme Court declaring that when the term "employee" is used in the law without an accompanying definition, "the term presumably describes 'the conventional master-servant relationship as understood by the common-law agency doctrine.'" *Id.* at 3 (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992)). The opinion concluded that a director of a chapter 49 district "is not an employee of the district under the common law." *Id.* Based on this same reasoning and authority, we conclude that LNVA directors are not "employees" for purposes of section 49.069(c).

Moreover, the term "employees" in section 49.069(c) is clearly limited in its scope when contrasted with the language of section 60.014 of the Water Code. In a prior opinion, we said that members of the board of directors of a navigation district, another type of conservation and reclamation district, were authorized to provide medical benefits to themselves. *See* Tex. Att'y Gen. Op. No. GA-0284 (2004) at 4. The relevant statute provided, however, that "[t]he [navigation] commission may include hospitalization and medical benefits *for officers and employees as part of the compensation paid to the officers and employees.*" TEX. WATER CODE ANN. § 60.014(a) (Vernon 2004) (emphasis added). This provision, by specifically permitting a navigation district to offer hospitalization and medical benefits to its officers, demonstrates that the Legislature was aware of the kind of language required to permit the offering of such benefits to an officer. In section 49.069(c), it elected not to do so, but rather to limit hospitalization and medical benefits to *employees* of the district.

You suggest that a director may nevertheless participate in the LNVA's health plan because hospitalization and medical insurance premium could be authorized by section 49.060(a) as a director's "fees of office" of "not more than $ 150 a day." *See id.* § 49.060(a); Request Letter, *supra* note 1, at 2.[2] Your suggestion appears to be based on the idea that section 49.060 provides independent authority to the board to offer hospitalization and medical benefits. It does not. The board's only authority in this regard comes from section 49.069(c), which, as we have concluded, limits hospitalization and medical benefits to *employees* of the LNVA. Moreover, nothing in section 49.060(a), which limits the compensation of a director to an individual's substantive performance of duties,[3] suggests that a director would be entitled to receive the maximum fees of office on an ongoing and consistent basis for the kind of continuous coverage necessary for hospitalization and medical benefits. Although a director may be theoretically eligible to receive the maximum compensation of $7,200 per year, that compensation, as we have indicated, must be tied to actual performance of substantive duties. *See supra* note 3. In addition, even if the entire health insurance premium could be paid within the boundaries of a director's maximum annual compensation, again the relevant statutes do not specifically authorize a director of the LNVA, unlike the officers of a navigation district or the employees of the LNVA, to participate in the LNVA's health plan. Such authority to participate is a separate benefit, beyond the cost of such participation, and that authority is a prerequisite to the act of participation. We conclude that a director of the LNVA is not entitled or eligible to participate in the LNVA's health care plan.

Finally, you ask whether the directors may participate in the LNVA's health plan under the provisions of section 172.004 of the Local Government Code, which permits "a political subdivision . . . directly or through a risk pool," to "provide health and accident coverage for political subdivision officials, employees, and retirees." TEX. LOC. GOV'T CODE ANN. § 172.004(a) (Vernon 2008). That statute, which is applicable to all "political subdivisions," is clearly broader than section 49.069(c) of the Water Code. Section 311.026(a) of the Government Code provides that, "[i]f a general

---

[2]The original enabling legislation for the LNVA provided that "[t]he directors shall receive as fees of office the sum of not to exceed Ten ($10.00) Dollars per day for each day of service necessary to discharge their duties, provided such service is authorized by vote of the Board of Directors." Act approved Oct. 23, 1933, 43d Leg., 1st C.S., ch. 63, § 7, 1933 Tex. Gen. Laws 169, 171. Subsection (e) of section 49.060 of the Water Code, however, declares that despite the language of section 49.002, the "fees of office" provisions of section 49.060 "take precedence over all prior statutory enactments." TEX. WATER CODE ANN. § 49.060(e) (Vernon 2008). *See also* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005) (stating that a general provision prevails over a conflicting local provision unless "the general provision is the later enactment and the manifest intent is that the general provision prevail").

[3]The statute further limits the amount of fees to which a director is entitled:

> In this subsection, "performing the duties of a director" means substantive performance of the management or business of the district, including participation in board and committee meetings and other activities involving the substantive deliberation of district business and in pertinent educational programs. The phrase does not include routine or ministerial activities such as the execution of documents, self-preparation for meetings, or other activities requiring a minimal amount of time.

TEX. WATER CODE ANN. § 49.060(a) (Vernon 2008).

provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 2005). Section 311.026(b) of the Government Code declares that "[i]f the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b). Texas courts, including the Texas Supreme Court, have construed the term "special or local" to mean "specific." *See City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex. 1994); *see also* Tex. Att'y Gen. Op. No. GA-0441 (2006) at 4–5 (section 311.026(b) of the Government Code has been construed to mean that, in case of conflict, a specific enactment controls over a more general enactment).

We believe that section 172.004 of the Local Government Code is in conflict with section 49.069(c) of the Water Code, which effectively operates to prohibit directors from participating in the LNVA's health plan. As we have noted, section 172.004(a) is the more general provision, in that it applies to *all* political subdivisions, while section 49.069(c) is limited to those districts to which chapter 49 of the Water Code is applicable. By excluding directors from the ambit of section 49.069(c), the Legislature made a decision to restrict the scope of section 172.004(a) with regard to those districts covered by section 49.069(c). *See, e.g., In re Bell*, 91 S.W.3d 784, 790 (Tex. 2002) ("every word excluded from a statute must . . . be presumed to have been excluded for a purpose"); *State v. Kaiser*, 822 S.W.2d 697, 700 (Tex. App.—Fort Worth 1991, pet. ref'd) (legislative intent may be inferred from the fact that a statute does not contain a certain provision). Thus, we believe that a court would conclude that, with regard to a director's eligibility to participate in a district's health plan, section 172.004(a) of the Local Government Code is in irreconcilable conflict with the provisions of chapter 49 of the Water Code. Furthermore, section 49.069(c) of the Water Code, an enactment that is more specific than section 172.004(a) of the Local Government Code, was enacted subsequently to section 172.004. *Compare* Act of May 25, 1995, 74th Leg., R.S., ch. 715, 1995 Tex. Gen. Laws 3755, 3755–3804 (enacting chapter 49 of Water Code), *with* Act of May 16, 1989, 71st Leg., R.S., ch. 1067, 1989 Tex. Gen. Laws 4316, 4316–20 (enacting chapter 172 of Local Government Code). Thus, section 311.026(b) of the Government Code does not preclude the result we reach here. We conclude that section 172.004 of the Local Government Code does not authorize the LNVA to provide health coverage for its directors.

## S U M M A R Y

A director of the Lower Neches Valley Authority is not eligible to participate in the Authority's health care plan.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee