**Affirmed and Memorandum Opinion filed May 7, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00684-CR

### CASIMIRO AMADOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 27th District Court**
**Bell County, Texas**
**Trial Court Cause No. 70199**

## MEMORANDUM OPINION

Appellant Casimiro Amador challenges his conviction for aggravated sexual assault of a child in two issues.[1] *See* Tex. Penal Code Ann. § 22.021. Appellant argues in his first issue that the trial court abused its discretion when it allowed the

---

[1] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

wrong person to testify as the outcry witness. We overrule this issue because the record establishes that the outcry witness who testified was the first adult to whom the complainant revealed the details of the sexual assaults. In his second issue appellant asserts that the trial court once again abused its discretion when it allowed the outcry witness to testify that the complainant's statements were reliable and that she had no motivation to lie. We overrule this issue because appellant failed to preserve it for appellate review. Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

## BACKGROUND[2]

The complainant was eight years old when she was brought to the Child Advocacy Center in Belton regarding a different investigation. While forensic interviewer Tammy Bracewell was interviewing the complainant about the unrelated case, the complainant spontaneously told Bracewell that appellant sexually assaulted her numerous times starting when she was six years old. Along with recounting in detail the various sexual assaults, the complainant told Bracewell that the most recent incident had taken place about a week before the interview, which occurred on June 6, 2012.

Appellant was charged with aggravated sexual assault of a child younger than fourteen years of age that occurred on or about May 31, 2012. *See* Tex. Penal Code § 22.021. The complainant testified during appellant's trial and she gave detailed testimony regarding appellant sexually assaulting her. Among other things, she testified that the last incident occurred about a week before her interview at the Child Advocacy Center.

Once the complainant's testimony was completed, the trial court conducted

---

[2] Because appellant has not challenged the sufficiency of the evidence supporting his conviction, we include only those facts necessary to provide background for his issues on appeal.

an outcry witness hearing outside the presence of the jury. *See* Tex. Code Crim. Proc. art. 38.072. Bracewell was the only witness who testified during the hearing. At the end of Bracewell's hearing testimony, appellant objected that there was not "enough evidence to corroborate the statement that was known to her at the time she took the statement" and also because "the statement wasn't consistent with any other evidence." The trial court then found on the record that Bracewell was the outcry witness and her testimony would be admitted as such. At that point, appellant announced "concern" regarding the possibility that Bracewell would testify that the complainant's testimony was reliable or credible. Appellant specifically told the court that he would not "want [Bracewell] to say that this child is to be believed because the expert can't testify to the ultimate issue." The trial judge responded that Bracewell was not going to testify to an ultimate issue, that she was instead going to testify that the complainant's "actions are consistent with an eight year old in that same time and place in their lives." Appellant made no further argument at that point regarding Bracewell testifying as the outcry witness.

Bracewell then testified describing the complainant's outcry regarding appellant sexually assaulting her multiple times beginning when the complainant was six years old. The following testimony then occurred:

Prosecutor: You had a lot of experience interviewing children of her age?

Bracewell: Yes.

Prosecutor: And did you feel that her demeanor and behavior during the interview was consistent with an eight year old in that situation?

Bracewell: Yes.

Prosecutor: And consistent with a child who was making an outcry of sexual abuse that had happened to her?

Bracewell: Yes.

3

. . . .

Prosecutor: Did she use child verbiage to describe the body parts or what a more mature young person or adult might use?

Bracewell: She used what most would probably consider normal for an eight year old.

. . . .

Prosecutor: And you said those are consistent with an eight year old's typically - - vocabulary for those?

Bracewell: That's not taught the correct - - for an eight year old that's not taught the correct verbiage, yes, that's normal, pretty typical.

Prosecutor: All right. Did she seem to have any kind of a motivation for telling you these things?

Defense: Objection; calls for speculation, Judge.

The Court: I'll allow the question.

Bracewell: Just that she had - - she had promised to tell me the truth. And she - - we do that in the very beginning of the interview where we establish that a child knows the difference between the truth and a lie. And then they promise to tell me the truth and I promise, in turn, to tell them the truth with any questions that they ask. And that is frequently a motivator. And studies have shown that that increases the child's internal willingness to want to talk or to want to tell the truth. There's the reason that there's an oath in the beginning of the statement. But there was no apparent motivation other than I asked the question, so she answered it.

Prosecutor: And you stated that you - - do you feel the statements are reliable?

Bracewell: Yes.

At the conclusion of the evidence, the jury found appellant guilty of the charged offense. The trial court ordered a presentence report to be completed. Once the report was completed the trial court conducted the punishment phase of

the trial where both the State and appellant presented witness testimony. Once the testimony was complete, the trial court sentenced appellant to serve thirty years in prison. This appeal followed.

ANALYSIS

**I.    The trial court did not abuse its discretion when it allowed Bracewell to testify as the outcry witness in appellant's trial.**

Appellant argues in his first issue that the trial court abused its discretion when it allowed Bracewell to testify as the outcry witness because, in appellant's view, Bracewell was not the first person eighteen years old or older to whom the complainant made a statement "that in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). In support of his argument, appellant points out the State's notices of hearsay statement of child abuse victim found in the Clerk's Record. In those notices, the State identified two other people, the complainant's mother and grandmother, as persons the complainant told about appellant sexually assaulting her about a year before she made her outcry to Bracewell. Appellant also points out the State's comment during the pretrial motions hearing that the complainant "actually made an outcry a year prior to her mother, then to her grandmother, but the full outcry with the details where she wasn't being judged and was being listened to openly was to Ms. Tammy Bracewell at the CAC."

The State responds that appellant did not make this objection to Bracewell testifying as the outcry witness in the trial court, that he instead sought to prevent the State from using the mother and grandmother as outcry witnesses.[3] *See Vennus*

---

[3] The State refers to the following objection by appellant's attorney when the State asked the complainant about mentioning appellant sexually assaulting her to her mother and grandmother: "Objection, Judge. Now [the prosecutor is] trying to make these other two outcry witnesses, and I object."

5

*v. State*, 282 S.W.3d 70, 73–74 (Tex. Crim. App. 2009) (holding appellant was barred by invited-error doctrine, a form of estoppel, from raising complaint concerning court's denial of motion to suppress); *Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003) (stating that a party may be estopped from asserting a claim inconsistent with that party's prior conduct). In addition, the State argues substantively that the trial court did not abuse its discretion because Bracewell was the proper outcry witness. Assuming for purposes of appeal that appellant is not estopped from making this argument on appeal, we agree with the State that the trial court did not abuse its discretion when it allowed Bracewell to testify as the outcry witness.

### A. Standard of review and applicable law

Outcry statements are considered substantive evidence of the crime. *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013) (citing *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005)). In the prosecution of certain sexual offenses against children, the outcry statute provides a hearsay exception allowing evidence of a child's first outcry of sexual abuse to an adult. *See* Tex. Code Crim. Proc. art. 38.072; *Bays*, 396 S.W.3d at 581 n.1. The Court of Criminal Appeals has held that the outcry statute applies only to out-of-court statements made by the child to the first person who is eighteen years of age or older—other than the defendant—that in some discernible manner describes the alleged offense. *Garcia*, 792 S.W.2d at 91; *see* Tex. Code Crim. Proc. art. 38.072. Generally, the proper outcry witness is the first adult to whom the alleged victim reports "how, when, and where" the abuse occurred. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.— San Antonio 2008, pet. ref'd); *see also Garcia v. State*, No. 03-14-00269-CR, 2016 WL 1691218, at *1 (Tex. App.—Austin Apr. 22, 2016, pet. ref'd) (mem. op., not designated for publication).

6

The admissibility of outcry witness testimony is not person-specific, but event-specific. *Polk v. State*, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *see Garcia,* 2016 WL 1691218, at *2. Accordingly, hearsay testimony from more than one outcry witness may be admissible under article 38.072 if the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998, pet. ref'd) (noting that if child described one type of abuse to one witness and different type of abuse to second witness, second witness could testify as outcry witness about that distinct offense); *see also Garcia,* 2016 WL 1691218, at *2 (stating that when child has been victim of more than one instance of sexual assault, multiple outcry witnesses may testify about separate acts of abuse committed by defendant against child).

We review a trial court's admission of testimony from an outcry witness under an abuse-of-discretion standard. *See Garcia*, 792 S.W.2d at 92; *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). A trial court has broad discretion in determining who qualifies as a proper outcry witness, and we will uphold the trial court's ruling if it is reasonably supported by the record and within the zone of reasonable disagreement. *See Garcia*, 792 S.W.2d at 92.

**B.** **The trial court did not abuse its discretion because the record supports the trial court's decision to admit Bracewell's testimony as the outcry witness for the charged offense.**

Appellant argues on appeal that Bracewell could not serve as the outcry witness in this case because it was undisputed that the complainant told her mother and grandmother about the sexual assaults about a year before she met with Bracewell. The State responds that Bracewell was the proper outcry witness because Bracewell was the first adult the complainant told the details of the sexual assaults. While it is undisputed that the complainant mentioned the sexual assaults

7

to her mother and grandmother, the record does not reveal what exactly the complainant told them. Further, the complainant confirmed during her trial testimony that Bracewell was the first person over the age of eighteen that she told the details about appellant sexually assaulting her. Because the proper outcry witness is the first adult to whom the alleged victim reports the how, when, and where details of the abuse, we cannot conclude that, on this record, the trial court abused its discretion when it allowed Bracewell to testify as the outcry witness. *Garcia*, 792 S.W.2d at 92; *see Ojeda v. State*, Nos. 03-17-00303-CR, 03-17-00304-CR, 2018 WL 3764231, at *3 (Tex. App.—Austin Aug. 9, 2018, no pet.) (mem. op., not designated for publication) (affirming trial court's decision to allow three witnesses to testify as outcry witnesses because each was the first adult the victims told the details "of separate, discernible offenses").

In addition, the disclosure to the mother and grandmother occurred about a year before the complainant's meeting with Bracewell. According to the complainant's trial testimony, multiple sexual assaults occurred after that initial, disregarded disclosure. Because the admissibility of outcry witness testimony is not person-specific, but event-specific, we conclude that the trial court could also have reasonably determined that Bracewell was the proper outcry witness on that basis. *Polk*, 367 S.W.3d at 453; *see Garcia,* 2016 WL 1691218, at *2. We overrule appellant's first issue.

## II.    Appellant did not preserve his second issue for appellate review.

Appellant argues in his second issue that the trial court abused its discretion when it overruled his objection to Bracewell's testimony which, in his view, improperly bolstered the complainant's credibility. The State responds appellant did not preserve this issue because he did not object on that basis in the trial court. We agree with the State.

Preservation of error is a systemic requirement on appeal and a reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). To preserve error for appellate review, the record must show that the complaint was made to the trial court by a timely objection, and the issue on appeal must correspond to the objection made at trial. Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Bracewell had opined during the outcry witness hearing that she found the complainant's statements during her interview age appropriate, reliable, and credible. At the end of the hearing, after the trial court had determined that Bracewell would be allowed to testify as the outcry witness, appellant initially objected that Bracewell was not qualified to render an opinion that the complainant's actions were consistent. Appellant's attorney then stated that he would not want Bracewell "to say that this child is to be believed because the expert can't testify to the ultimate issue, Judge. But even that, I'd ask her not to even go as far as she said." While the trial court responded Bracewell would not testify to an ultimate issue, and that she would testify only that the complainant's actions were consistent with those of an eight-year old child, it did not rule on appellant's initial qualification objection, or on appellant's expressed concern. Appellant did not make any further objection or object to the trial court's failure to rule. *See State v. Kaiser*, 822 S.W.2d 697, 702 (Tex. App.—Fort Worth 1991, pet. ref'd) ("[A] preliminary ruling on the admissibility of evidence pursuant to article 38.072 will not preserve error for appeal—there must be a timely, specific objection proffered at trial.").

When Bracewell testified during the trial that the complainant understood the obligation to tell the truth and that Bracewell considered the complainant's

answers to her questions to be reliable, appellant objected only on the basis that the question called for speculation by Bracewell. That is not however, the argument appellant now makes in his second issue on appeal. Because appellant's complaint on appeal does not comport with his objection at trial, we conclude that he has not preserved error. As a result, we overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's final judgment.


/s/    Jerry Zimmerer
Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — TEX. R. APP. P. 47.2(b).

10