The STATE of Texas, Appellant,

v.

Thomas HOWARD, Appellee.

No. 07–95–0156–CR.

Court of Appeals of Texas, Amarillo.

Oct. 16, 1995.

Hale County District Attorney, Terry D. McEachern, Robert W. Kinkaid, Plainview, for appellant.

Law Office of David Martinez, David Martinez, Lubbock, Law Office of Brian E. Murray, Brian E. Murray, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

The State of Texas appeals from an interlocutory decree entitled "Order Suppressing Evidence" and cites three points of error. All three pertain to the court's decision to exclude statements uttered by third parties who allegedly assisted Thomas Howard in robbing and killing a local store owner. For the reasons which follow, we dismiss for the lack of jurisdiction.

### Jurisdiction

The power of this court to entertain interlocutory appeals is quite limited. Unless authorized to hear same by statutory or constitutional dictate, we have no jurisdiction to do so. Here, the State presents an interlocutory appeal from an order granting Howard's oral motion to suppress evidence. The evidence in question concerned three statements uttered by Howard's alleged accomplices inculpating themselves and Howard in robbery and murder.

Interestingly, the impetus behind the motion to suppress initially emanated from a source other than Howard. The prosecution originally filed its motion "to introduce [the] co-defendant statements at the guilt/innocence phase [of the trial] under Texas Rule of Criminal Evidence 803(24)." During a pretrial hearing, the court queried whether the litigants uncovered authority requiring it to make a pre-trial ruling on the state's motion. Neither side proffered any. Instead, the prosecutor referred to article 44.01 of the Code of Criminal Procedure, suggesting that it could not immediately appeal from any determination the court may make. Un-

der that statute and to trigger its appellate rights, according to the state, the defendant had to move to suppress. "That has to come over from their side before I have the right to appeal," said the prosecutor. Defense counsel responded by representing that "we would be delighted to accommodate" the prosecutor and, orally moved to suppress the statements on the basis of "the Sixth Amendment Confrontational grounds."

The requisite motion having been made, the court acted. It held that "each sentence, declaration, or remark contained in these [statements] ... is inadmissible...." However, it did not rely upon Howard's Sixth Amendment claim but expressly on Texas Rule of Criminal Evidence 803(24), *Williamson v. United States,* 512 U.S. ——, ——, 114 S.Ct. 2431, 2437, 129 L.Ed.2d 476 (1994), *Cofield v. State,* 891 S.W.2d 952 (Tex.Crim. App.1994) and *Fuentes v. State,* 880 S.W.2d 857 (Tex.App.—Amarillo 1994, pet. ref'd).[1]

In effect, the litigants induced the trial court to preliminarily rule whether certain evidence was admissible at trial as an exception to the hearsay rule. They further structured their presentation in a way hopefully securing the State an opportunity to test the validity of the evidentiary ruling through interlocutory appeal. It is there that they stumbled.

▮ Admittedly, article 44.01(a)(5) of the Texas Code of Criminal Procedure entitles the state to appeal from an interlocutory order which "grants a motion to suppress evidence, a confession, or an admission...." *Tex.Code Crim.Proc.* art. 44.01(a)(5) (Vernon Supp.1995). Yet, the litigants at bar read the statute too broadly. When enacting the provision, the legislature did not intend to create an avenue by which the state could secure interlocutory review of general evidentiary rulings. Quite the contrary, it limited the road to questions of constitutional magnitude. *State v. Kaiser,* 822 S.W.2d 697, 699–701 (Tex.App.—Fort Worth 1991, pet. ref'd). Only those rulings which suppress evidence because of the purportedly unlawful means by which it was obtained fall within

the umbrella of article 44.01(a)(5). *Id.* Decisions to exclude evidence simply because of its suspect nature or *untrustworthiness* are not immediately appealable. *Id.* The latter must await review through normal post-judgment channels.

▮ To interpret article 44.01(a)(5) otherwise would be to ignore both statutory dictate and historical definition assigned a term of art. As to the former, the legislature obligated the courts of Texas to construe words or phrases having technical or particular meaning, such as terms of art or science, in accordance with their technical meaning. *Tex.Gov.Code Ann.* § 311.011(b) (Vernon 1988). Furthermore, the phrases "motion to suppress" or "suppress evidence" have developed unique meanings in our criminal jurisprudence. Indeed, they are terms of art which contemplate more than the simple exclusion of evidence pursuant to the general rules of evidence. *State v. Kaiser,* 822 S.W.2d at 700. As discussed in *Kaiser* and in decisions issued by neighboring jurisdictions, a motion to suppress presupposes that the evidence was *illegally obtained. State v. Dwyer,* 847 S.W.2d 102, 103 (Mo. App.W.D.1992); *Jenkins v. State,* 301 Ark. 20, 781 S.W.2d 461, 462 (1989); *accord State v. Carney,* 219 Mont. 412, 714 P.2d 532 (1986) (holding that the court's decision to exclude evidence because of the failure to lay a proper foundation did not equate the suppression of evidence for purposes of an interlocutory appeal); *State v. Boling,* 5 Kan.App.2d 371, 617 P.2d 102 (1980) (construing the word for purposes of allowing interlocutory appeal as exclusion of evidence on constitutional grounds as opposed to the rules of evidence). We opt, as did the *Kaiser* court, to construe the wording of article 44.01(a)(5) to comport with, not contradict, its technical meaning.

▮ Additionally, in our system of jurisprudence, we note that it is not the function of appellate courts to sit in "instant replay" of the general pretrial decisions made by a trial judge. He is entitled to control his dockets and dispense justice without undue

---

**1.** Incidentally, each of the three cases relied upon by the trial court dealt with the interpretation and application of Texas Rule of Criminal Evidence 803(24) or its cousin, Rule 804(b)(1). None concerned application of a defendant's constitutional right to confront his accusers.

interference from appellate bodies. *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969). "[C]onstant interruption of the trial process by appellate courts ... destroy[s] all semblance of orderly trial proceedings." *Id.* This is especially so when the interruptions stem from correcting incidental, as opposed to constitutional, matter. The interests attached to the former fail to outweigh the need for an effective, just, and speedy judicial system. Thus, we refuse to interpret article 44.01(a)(5) in a way which unduly interferes with trial court authority.[2]

Having concluded that article 44.01(a)(5) is of limited scope, we now determine whether the order at bar falls within its penumbra. Here, like in *Kaiser*, the trial court deemed the evidence inadmissible hearsay under the rules of evidence.[3] The order did not implicate constitutional law, save possibly the right to confront one's adverse witnesses. Yet, even that question was removed when the trial court acted on an alternate basis and neither litigant raised the claim in their respective appellate brief. Thus, we hold that article 44.01(a)(5) does not encompass the order at bar.

The appeal is dismissed for the want of jurisdiction.

**2.** Because the court in *State v. Monroe*, 813 S.W.2d 701 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd) failed to address the considerations we raise and those mentioned in *Kaiser*, we choose not to follow it.

**3.** Due to the outcome of our opinion, we may not rule on the accuracy of the ruling below. Nevertheless, the State is free to move the trial court to reconsider its holding. *Montalvo v. State*, 846 S.W.2d 133, 136 (Tex.App.—Austin 1993, no writ). And, the trial court is free to reconsider whether Rule 803(24) excludes a statement inculpating the declarant simply because it inculpates a third-party (a position rejected in *Cofield v. State*, 891 S.W.2d 952, 956 (Tex.Crim.App.1994)) or whether the rule excludes the statement only if it lacks the indicia of trustworthiness. *See Id.* (stating that a trial court does not always abuse

its discretion in admitting hearsay which inculpates the declarant and the defendant "because ... factors need to be considered in determining the existence of corroborating facts so as to avoid admitting a fabrication, i.e., a false statement"); *Williamson v. United States*, 512 U.S. ——, ——, 114 S.Ct. 2431, 2437, 129 L.Ed.2d 476, 485 (1994) (stating that the question "is always whether the statement was sufficiently against the declarant's penal interest 'that a reasonable person in the declarant's position would not have made the statement unless believing it to be true,'" that is, is the statement trustworthy). Should it decide that the "trustworthiness" of the statements is the ultimate test, then it may wish to compare that decision to the finding in its May 9, 1995 "suppression order" that the statements at issue are trustworthy.