The STATE of Texas, Appellant,

v.

Clortis Foston ROBERTS, Appellee.

No. 1126–95.

Court of Criminal Appeals of Texas, En Banc.

Dec. 11, 1996.

Michael A. Lamson, Houston, for appellee.

Kimberly Aperauch Stelter, Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for the State.

Before the court en banc.

### OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellee was charged with misapplication of fiduciary property. Tex.Penal Code Ann. § 32.45. Appellee filed a pretrial motion requesting the exclusion of the complainant's civil deposition testimony. The trial judge granted the motion and the State appealed, contending the deposition testimony was admissible as "former testimony" under Tex. R.Crim.Evid. 804(b)(1).[1] The Court of Appeals affirmed. *State v. Roberts*, 909 S.W.2d 110 (Tex.App.—Houston [14th] 1995). We granted the State's petition for discretionary review to determine the correctness of that decision. We will dismiss for want of jurisdiction.

## I.

The Court of Appeals recited the facts as follows:

From October 1991 until August of 1992, [the complainant] cohabitated with [appellee]. [The complainant], who previously had been diagnosed with AIDS, was the beneficiary of a former roommate's life insurance policy. While [the complainant] and [appellee] cohabitated, [the complainant] gradually put these insurance proceeds into accounts in [appellee's] name. [The complainant] also gave [appellee] a power of attorney over various matters. In August 1992, [the complainant] received the last insurance proceeds check and, in September, [appellee] ordered [the complainant] out of [appellee's] home.

Approximately a year later, November 1993, [the complainant] brought a civil action against [appellee] alleging breach of fiduciary duty. [The complainant] was deposed as part of this civil action. Because of [the complainant's] deteriorating condition, this deposition was used in the civil jury trial instead of [the complainant] testifying in person. At the conclusion of the civil trial, the jury awarded [the complainant] approximately $180,000 in actual and punitive damages for [appellee's] breach of fiduciary duty.

After the civil judgment was entered, [the complainant] died, and, subsequently, the state initiated criminal charges against appellee. No criminal deposition or hearing testimony was taken from [the complainant] while the criminal case was pending. In addition, when [the complainant] was deposed, no criminal action against appellee was pending. Appellee moved for and was granted suppression of [the complainant's] deposition. The state appeals the trial court's decision asserting that the deposition is admissible former testimony. *See* TEX.R.CRIM.EVID. 804. Thus, we are to determine whether Texas law allows

---

1. **(b) Hearsay Exceptions.** The following are not excluded if the declarant is unavailable as a witness:

   (1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. The use of depositions is controlled by Chapter 39 of the Texas Code of Criminal Procedure.

the state to use a civil deposition in a criminal prosecution.

*State v. Roberts,* 909 S.W.2d at 111.

## . . II.

▆ A threshold issue in any case is whether the court has the jurisdiction to resolve the pending controversy.[2] This issue of jurisdiction is fundamental and cannot be ignored. Accordingly, a court may *sua sponte* address the issue because subject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute. *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Cr.App.1980); *and, Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Cr.App.1964). In short, each court has jurisdiction to determine whether it has jurisdiction. *Ex parte Paprskar,* 573 S.W.2d 525 (Tex.Cr.App.1978).

▆ The State acquired the right to appeal in 1987. Acts 1987, 70th Leg. ch. 382, § 1. *Cf.,* Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. Tex.Code Crim.Proc.Ann. art. 44.01 enumerates the circumstances under which the State is entitled to appeal an order of a court in a criminal case. The instant case deals with subsection (a)(5) which provides, in pertinent part:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:

>> (5) grants a *motion to suppress evidence,* a confession, or an admission. . . .[3]

Therefore, the Court of Appeals and this Court have jurisdiction to entertain the State's appeal only if the trial judge granted a motion to suppress evidence as contemplated by the statute.

▆ If a statute is clear and unambiguous, we give effect to its plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Cr.App.

1991). However, if the statute is not plain but ambiguous, we may resort to extratextual factors to interpret the statute. *Id.,* 818 S.W.2d at 785–86. In the context of art. 44.01 the Legislature did not define what constitutes a motion to suppress evidence. And, we have not taken the opportunity to do so. However, at least four of our courts of appeals have considered what constitutes a motion to suppress and have come to different conclusions.

In *State v. Monroe,* 813 S.W.2d 701 (Tex. App.—Houston [1st Dist] 1991), the defendant filed a motion to suppress evidence of unadjudicated offenses. The trial judge granted the motion and the State appealed. The Court of Appeals reversed. To support its holding, the *Monroe* Court relied on an incomplete definition from Black's Law Dictionary of "motion to suppress" as one that "eliminate[s] [evidence] from the trial of a criminal case." *Id.* 813 S.W.2d at 702.[4] The Court of Appeals held the trial judge prematurely granted the motion because the evidence may have become relevant at trial. *Monroe,* 813 S.W.2d at 703.

In *State v. Wright,* 830 S.W.2d 309 (Tex. App.—Tyler 1992), the defendant filed a motion to exclude the testimony of three witnesses on the grounds that the State's late disclosure of the witnesses to the defendant violated the trial judge's discovery order. *Wright,* 830 S.W.2d at 310–11. The State appealed and the Court of Appeals decided the case on the merits without a discussion of jurisdiction. The Court affirmed a portion of the trial judge's order but vacated the remainder because the sanction imposed on the State was too severe. *Id.,* 830 S.W.2d at 312–13.

In *State v. Kaiser,* 822 S.W.2d 697 (Tex. App.—Fort Worth 1991), the trial judge ruled prior to trial that certain hearsay state-

---

**2.** In *Ex parte Armstrong,* 110 Tex.Crim. 362, 8 S.W.2d 674 (App.1928), this Court stated:

. . . Jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case. Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and it acts without validity.

*Id.,* at 676 (internal citations omitted).

**3.** All emphasis is supplied unless otherwise indicated.

**4.** The complete definition provides that a motion to suppress is a "[d]evice used to eliminate from the trial of a criminal case evidence *which has been secured illegally. . . ."* Black's Law Dictionary (5th Ed.1979) p. 914.

ments of a child witness were not admissible as "outcry statements." The State appealed, contending art. 44.01 allowed the appeal of "any pre-trial evidentiary ruling." *Id.,* 822 S.W.2d at 700. The Court of Appeals rejected the State's argument, holding that the phrase "suppress evidence" relates to evidence that was illegally obtained. *Id.,* 822 S.W.2d at 699–700 (citing Black's Law Dictionary 1291 (5th Ed.1979)). The Court concluded the basis for suppressing evidence is not because the evidence was suspect or untrustworthy but because of constitutional principles. Since the hearsay statements were being excluded on a statutory basis, Tex.Code Crim.Proc.Ann. art. 38.072, and not a constitutional basis, the trial judge's order was *not* appealable. *Kaiser,* 822 S.W.2d at 701.

The Amarillo Court of Appeals followed the *Kaiser* rationale in *State v. Howard,* 908 S.W.2d 602 (Tex.App.—Amarillo 1995). The trial judge granted the defendant's motion to suppress the hearsay statements of three alleged accomplices. *Id.,* at 603. The trial judge relied on Tex.R.Crim.Evid. 803(24) to grant the motion, and the State appealed. The Court of Appeals noted the Legislature did not intend to create an avenue by which the State could secure interlocutory review of general evidentiary rulings. Rather, the Legislature intended to limit the State's right to appeal to questions of constitutional magnitude. *Id.,* 908 S.W.2d at 604. The Court held "[o]nly those rulings which suppress evidence because of purportedly unlawful means by which it was obtained fall within the umbrella of article 44.01(a)(5)." *Ibid.* (citing *Kaiser, supra.*).

From these decisions it is clear that some courts of appeals treat *any* pre-trial motion that seeks to exclude evidence as a "motion to suppress evidence," *see, Monroe, supra, and, Wright, supra,* while other courts distinguish between the suppression and exclusion of evidence, *Kaiser, supra, and Howard, supra.* The *Kaiser* and *Howard* Courts apply the term "suppress" only to illegally obtained evidence and the broader term "exclude" to all other evidence. *Kaiser,* 822 S.W.2d at 700; *and, Howard,* 908 S.W.2d at 604. From these decisions we can easily conclude that

the phrase "motion to suppress evidence" as used in art. 44.01(a)(5) is ambiguous and we will take this opportunity to settle the ambiguity. Tex.R.App.P. 200(c)(1). To do so, we must resort to extratextual factors to interpret the statute. *Boykin,* 818 S.W.2d at 785–86.

### III.

#### A.

■ First, we note that the mere label attached to the defendant's motion is not determinative of whether an order is appealable under art. 44.01. *State v. Moreno,* 807 S.W.2d 327, 332 (Tex.Cr.App.1991). To so hold would allow defendants to label their motions in a manner that would circumvent the State's right to appeal. *Ibid.* Consequently, we look to the effect of the trial court order rather than the title of the defendant's motion. *State v. Evans,* 843 S.W.2d 576 (Tex.Cr.App.1992). Therefore, the fact that the motion in the instant case was labeled "Defendant's Motion to Suppress" is not determinative.

#### B.

■ In construing a statute, words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly. Tex.Gov't. Code Ann. § 311.011(b). The word "suppress" and the phrase "motion to suppress" have developed particular meanings. *Kaiser,* 822 S.W.2d at 700; *and, Howard,* 908 S.W.2d at 604. They are terms of art which contemplate more than simple exclusion of evidence pursuant to the general rules of evidence. *Ibid. See, e.g. Polk v. State,* 738 S.W.2d 274, 276 (Tex.Cr. App.1987) ("Violation of a state statute or constitutional provision in obtaining evidence requires *suppression* of that evidence under art. 38.23").

Further evidence of the technical meaning of "motion to suppress" is found in the legal dictionary:

> Motion to suppress. A device used to eliminate from the trial of a criminal case *evidence which has been secured illegally,* generally in violation of the Fourth

Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.) of the U.S. Constitution.

*Black's Law Dictionary* (6th Ed.1989).[5]

Additionally, federal case law supports the determination that "motion to suppress" has acquired a technical meaning. In *United States v. Barletta*, the First Circuit explained that motions to suppress concern application of the exclusionary rule of evidence or matters of police conduct. *Id.*, 644 F.2d 50, 54 (1st Cir. [Mass.] 1981). And, motions to exclude comprise all other evidentiary matters. *Ibid.* The *Barletta* Court cited the Advisory Committee notes following Federal Rule of Criminal Procedure 12(b)(3) which define a motion to suppress as an objection to the evidence on the ground that it was illegally obtained. Evidence is illegally obtained as a result of an illegal search and other forms of illegality such as the use of unconstitutional means to obtain a confession. Advisory Committee notes, Fed. R.Crim.P. 12(b)(3), foll. 18 U.S.C.A., citing C. Wright, Federal Practice & Procedure: Criminal § 673 (1969).

Both *Kaiser* and *Howard* relied upon the technical meaning of the term "motion to suppress evidence" which, as used in the legal profession, applies only to illegally secured evidence. *Kaiser*, 822 S.W.2d at 700; *and, Howard*, 908 S.W.2d at 604.[6] Under our law, evidence is illegally secured if it is obtained in violation of the Constitution or laws of the United States or the Constitution or laws of the State of Texas. Tex.Code Crim.Proc. art. 38.23.

### C.

█ The Legislature patterned art. 44.01 after its federal analog, 18 U.S.C.A. § 3731. *State v. Moreno*, 807 S.W.2d 327 (Tex.Cr. App.1991). The federal statute authorizes an appeal by the Government "from a decision

or order of a district court suppressing *or excluding* evidence...." 18 U.S.C.A. § 3731. Article 44.01(a)(5) authorizes an appeal from a motion to *suppress* evidence, but it does not authorize an appeal from a motion to *exclude* evidence. The express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex.Cr.App.1979). We agree with the holding in *Kaiser* that by using the term "suppress" alone, not in conjunction with the broader term "exclude," the Legislature meant to limit the State's appeal to those instances where evidence is suppressed in the technical sense, not merely excluded. *Kaiser*, 822 S.W.2d at 700.

We agree with the *Kaiser* Court that art. 44.01 is worded more narrowly than its federal counterpart. *Id.*, 822 S.W.2d at 700. And, we have chosen to narrowly interpret the statute. *See e.g., State v. Muller*, 829 S.W.2d 805, 811 (Tex.Cr.App.1992) (Art. 44.01 requires the prosecuting attorney to personally authorize the notice of appeal); *State v. Boseman*, 830 S.W.2d 588 (Tex.Cr. App.1992) (same); *and, State v. Shelton*, 830 S.W.2d 605, 606 (Tex.Cr.App.1992) (Signature stamp not sufficient to show prosecuting attorney authorized the appeal).

### D.

We may also consider the consequences of a particular interpretation of art. 44.01. Tex. Gov't.Code § 311.023(5). A construction that permitted the appeal of any pre-trial order excluding evidence would permit the State to appeal general evidentiary rulings. This construction was considered and rejected in *Howard*.

As the *Howard* Court noted, in enacting art. 44.01, the Legislature did not intend to create an avenue by which the State could secure interlocutory review of general evidentiary rulings. *Howard*, 908 S.W.2d at 604. It is not the function of the appellate

---

**5.** In comparison, "exclusion of evidence" is defined as:

> The action by the trial judge in which he excludes from consideration by the trier of fact whatever he rules is not admissible as evidence. *Black's Law Dictionary* (6th Ed.1989).

**6.** As noted earlier, the *Monroe* Court of Appeals relied on an incomplete definition of motion to suppress. *Ante*, at 657.

courts to sit in "instant replay" of the general pretrial decisions made by a trial judge. *Ibid.* Trial judges are entitled to control their dockets and dispense justice without undue interference from appellate bodies. *Id.* at 605 (citing *Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969)). To interpret art. 44.01 to permit the appeal of any pretrial order that excluded evidence would greatly expand the number of pre-trial evidentiary rulings that could be appealed by the State to the detriment of an effective, just and speedy judicial system. We will not interpret art. 44.01(a)(5) in a way which unduly interferes with the authority of the trial judge. *Id,* 908 S.W.2d at 604.

### E.

For these reasons, we hold the phrase "motion to suppress evidence" as used in art. 44.01(a)(5) is limited to motions which seek to suppress evidence on the basis that such evidence was illegally obtained.

### III.

 In the instant case, the State appeals from an order granting appellee's motion requesting the exclusion of civil deposition testimony. The evidence in question, a video taped deposition from a civil case, was objected to as hearsay and as not comporting with the requirements of Chapter 39 of the Texas Code of Criminal Procedure which governs the use of depositions in a criminal case. The State claimed the deposition testimony was admissible as "former testimony" under Tex.Rule Crim.Evid. 804(b)(1). *See* n. 1, *supra.* Appellee did not contend the deposition testimony was illegally secured. Therefore, the motion was not a "motion to suppress evidence" as contemplated under art. 44.01(a)(5). Accordingly, the order granting the motion is not appealable.

When a court determines that it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss. *Mendez v. State,* 914 S.W.2d 579, 580 (Tex. Cr.App.1996). The judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals with instructions to dismiss this appeal for want of jurisdiction.

Judgment of Court of Appeals vacated; cause remanded to Court of Appeals.

McCORMICK, P.J., concurs in the result.

KELLER, J., dissents.

WHITE, J., not participating.

MALONEY, J., joining the original opinion.