The STATE of Texas, Appellant,

v.

Matthew MEDRANO, Appellee.

No. 08–97–00492–CR.

Court of Appeals of Texas,
El Paso.

Feb. 4, 1999.

Opinion Denying Rehearing Feb. 18, 1999.

Jaime E. Esparza, Dist. Atty., John L. Davis, Asst. Dist. Atty., El Paso, for State.

Luis E. Islas, Arthur A. Abraham, El Paso, for appellee.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an attempted State's appeal from the trial court's order granting a motion to exclude hypnotically enhanced identification from introduction at trial. We dismiss the appeal for want of jurisdiction.

## FACTS

On October 5, 1996, a pizza delivery man was shot and killed at 221 South Carolina Street, El Paso, Texas. At the time of the shooting, J.E., a fourteen-year-old girl, was in the front yard of her home down the street. J.E. gave a statement to the police about the events of that night, including a description of the shooter and the car he rode in.

On October 7, 1996, J.E. was hypnotized by Sergeant Pete Ocegueda of the El Paso Police Department. On October 14, 1996, J.E. was unable to identify the shooter from two photographic lineups. On October 16, 1996, J.E. was shown three more photographic lineups. From one of these, she identified defendant Medrano.

Medrano challenged both the photographic lineup identification and any in-court identification by J.E., on the bases that:

(1) The photographic identification procedure used was so impermissibly suggestive that it induced the witness to identify Medrano contrary to his rights under the due process provisions of the U.S. Constitution and Article One, Sec. 19 of the Texas Constitution.

(2) Any in-court identification following the hypnotic session, and photographic identification, would be unduly suggestive and unreliable, and inadmissable pursuant to Texas Rule of Criminal Evidence 403; *Zani v. State;* the 6th Amendment to the U.S. Constitution; the due process clause of the 14th Amendment to the U.S. Constitution; the due course of law provisions under Art. I Sec. 13 of the Texas Constitution; the right to trial by jury under Art. I Sec. 15 of the Texas Constitution and due course of law under Art. I Sec. 19 of the Texas Constitution.

(3) Any in-court identification procedure would be the result of the impermissibly suggestive photographic identification procedure and the post-hypnotic recall has given rise to a very substantial likelihood of irreparable misidentification of Medrano at trial. The probative value of the proposed testimony is clearly outweighed by its prejudicial effect. Rule 403 of the Texas Rules of Criminal Evidence.

Following a hearing, the trial court granted the motions stating in her written order:

On the 3rd and 20th day of October 1997, came on to be heard the Defendant's Motions to Suppress Photographic Identification and In–Court Identification. After considering the evidence and argument of counsel and for the reasons stated on the record October 21, 1997, the Court hereby

grants said Motions. The Court also finds said identification was obtained in violation of the 4th, 5th, 6th and 14th Amendment of the United States Constitution and Article I, Sections 9, 10, 13 and 19 of the Texas Constitution.

The trial court's reasoning, referred to in her order and set out in open court was:

> The Court having reviewed what appears to be the only case on hypnotically-enhanced testimony, the *Zani* case [1].... After reviewing the standards in that case, the Court is now going to grant the motion to suppress the in-court identification based upon the *Zani* standards.

> I have weighed the factors in the case and believe that the in-court identification should be suppressed.

> In weighing the factors for admissibility as set out in [the *Zani* ] case, there are two compelling reasons for the decision to hold the hypnotically-enhanced eyewitness testimony as inadmissable in this case.

> The most important is the lack of any evidence to corroborate that testimony. In *Zani*, fingerprints were found at the scene of the defendant who was identified by the hypnotically-enhanced testimony.

> The hypnosis session here occurred one day after the incident with no explanation from law enforcement as to why and to what extent there was a memory loss.

> In *Zani*, the hypnosis session occurred 13 years after the incident. The defendant had left the jurisdiction and was not apprehended for 13 years, and at that time, the young eyewitness was hypnotized to see if there was any recall for the identification. The identification in that case did coincide

with the fingerprints. They were one in the same.

The State appeals.

### *JURISDICTION*

The first question we must address is whether we have jurisdiction to review the trial court's decision at this stage of proceedings. We conclude we do not.

█ This court may hear the State's interlocutory appeal only in limited circumstances.[2] Unless authorized to hear such an appeal by the Legislature or the Constitution, we lack jurisdiction.[3] Here, the State contends this court has jurisdiction on two grounds. We will address them separately.

*Appeal of trial court's order "effectively terminating the prosecution in favor of the defendant"*

█ The first theory under which the State asserts this court has jurisdiction is that because the testimony of the hypnotized witness is the only evidence with which the State can prove its case, thus the order excluding the evidence is in effect a dismissal of the indictment.

This assertion relies upon the statutory authority granting us jurisdiction to hear the State's appeal of an order which:

> [D]ismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint.[4]

We agree with the State that the label attached to the trial court's order does not control our exercise of jurisdiction. The Court of Criminal Appeals has cautioned that the name attached to a defendant's motion or trial court's order cannot determine its appealability.[5] Thus, that Medrano's motions are titled "motions to suppress" is not dispos-

---

1. The substance of the State's appeal is that *Zani v. State*, 758 S.W.2d 233 (Tex.Crim.App.1988) was impliedly overruled by *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App.1992). We do not reach the merits of that claim, but we do note that in *Soliz v. State*, 961 S.W.2d 545, 548 (Tex. App.—San Antonio 1997, pet. ref'd), the San Antonio Court applied the *Zani* factors without correction by the high court.

2. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp. 1999); *State v. Howard*, 908 S.W.2d 602, 603 (Tex.App.—Amarillo 1995, no pet.).

3. *Id.*

4. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.1999).

5. *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim.App.1991).

itive of this question. In that regard, the court has held:

> [T]he State has the power to appeal from any trial court order *concerning an indictment or information* (and the Court of Appeals has the jurisdiction to address the merits of the appeal from that order) whenever the order *effectively terminates the prosecution* in favor of the defendant.[6]

We conclude that the trial court's order here does not fit this criteria for two reasons. First, it is not an order "concerning an indictment or information." The order leaves the indictment against Medrano untouched, and as the order had no effect on the indictment, it is not appealable under Article 44.01(a)(1).[7] Second, the State is free to continue its prosecution against him at the prosecutor's discretion; it is precluded only from using identification evidence gleaned from J.E. after her hypnosis. Thus, we must conclude this was not an order "effectively terminating a prosecution in favor of a defendant." Whether J.E.'s identification is vital to the case or cumulative of other evidence is not a factor which can grant us jurisdiction. We cannot equate an evidentiary ruling with dismissal of the case for purposes of a State's interlocutory appeal. Thus, we lack jurisdiction under Article 44.01(a)(1) of the Texas Code of Criminal Procedure.[8]

### Appeal of trial court's order suppressing evidence

■ The second ground asserted by the State for the exercise of this court's jurisdiction is:

> [T]he order is a pretrial suppression of the only evidence with which the State can prove its case, namely the hypnotically enhanced eyewitness testimony.

This assertion relies upon the statutory authority granting us jurisdiction to hear the State's appeal of an order which:

> [G]rants a motion to suppress evidence ... if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.[9]

At first blush, the State appears to have satisfied all criteria for exercise of jurisdiction under this provision. The order suppresses a hypnotically enhanced identification; the appeal was taken before jeopardy attached; and the district attorney has appropriately certified the appeal. Our analysis cannot end there, however.

■ "Motion to suppress evidence," is a term of art contemplating more than simple exclusion pursuant to general rules of evidence.[10] Our interlocutory review of the trial court's grant of a "motion to suppress evidence" is limited to motions which seek to suppress evidence on the basis that such evidence was illegally obtained.[11] The statute does not allow interlocutory review of general pretrial evidentiary rulings. Thus, even though the motion and order at issue here speak in terms of suppression of evidence, if they are grounded in allegations of illegality, rather than general inadmissibility, we have no jurisdiction at this stage of proceedings.

We find that, although the trial court framed her order to conclude that constitutional provisions had been violated, her findings were the result of a balancing test conducted under Texas Rule of Evidence 403.[12] The motions to suppress specifically invoke

6. *Id.* (Emphasis added).

7. *Taylor v. State*, 886 S.W.2d 262, 266 (Tex.Crim. App.1994).

8. Tex.Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp.1999).

9. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.1999).

10. *State v. Roberts*, 940 S.W.2d 655, 658 (Tex. Crim.App.1996); *see also State v. Kaiser*, 822

S.W.2d 697, 699–700 (Tex.App.—Fort Worth 1991, pet. ref'd); *State v. Howard*, 908 S.W.2d 602, 604 (Tex.App.—Amarillo 1995, no pet.).

11. *State v. Taft*, 958 S.W.2d 842, 843 (Tex.Crim. App.1998); *Roberts*, 940 S.W.2d at 660.

12. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex.R. Evid. 403.

that rule; the trial court's reasons for granting the motions speak in terms of "weighing factors for admissibility." We discern no allegation in the record that defendant Medrano's rights were somehow violated by the hypnosis of the witness; rather, the motions to exclude evidence are based upon the unreliability of hypnotically enhanced testimony in general, and the unreliability of the identification of Medrano under the facts of this case in particular. Here, we do not see that the Legislature intended the court of appeals to undertake "instant replay" of the trial court's decision that the probative value of J.E.'s identification was substantially outweighed by the dangers which would result from allowing it before the jury.[13]

Thus, although constitutional implications may be present in this decision, we find it was not a "suppression" in the sense contemplated by Texas Code of Criminal Procedure, Article 44.01(a)(5)[14] and the case law interpreting it. We have no jurisdiction under Texas Code of Criminal Procedure, Article 44.01(a)(5).[15]

### CONCLUSION

When a court determines it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss.[16] This appeal is dismissed for want of jurisdiction.

### OPINION ON REHEARING

On rehearing, the State urges that we consider its appeal, alternatively, as a request for relief by writ of mandamus. We conclude that we cannot, and overrule the motion.

To establish that it is entitled to mandamus relief in a criminal case, the State (as any other party seeking mandamus relief) must satisfy two requirements. First, it must show it has no adequate remedy at law to redress the alleged harm; second, the act sought to be compelled must be purely ministerial.[1] An act is ministerial "where the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment."[2] Here, the State claims that "since the trial court's decision relied on a case based on *Frye*,[3] and *Frye* has been expressly rejected by the Texas Court of Criminal Appeals since 1992 in *Kelly,* the trial court's decision was clearly contrary to well-settled Texas criminal law."

We do not believe that the trial court's decision can be characterized as ministerial here; on the contrary, it required extensive analysis and judicial balancing of many complex factors. Neither do we think that the trial court's reliance upon the factors set forth in *Zani v. State*[4] was necessarily "clearly contrary to well-settled Texas criminal law," as the State would have it. As we noted in our original opinion, at least one court of appeals has recently applied the *Zani* factors without correction by the Court of Criminal Appeals.[5] Moreover, *Zani* is the only Texas case specifically addressing the problem which was before the trial court for decision; simply because *Zani* was penned while *Frye* was the standard for admission of scientific evidence does not necessarily vitiate its analysis of the factors to be considered in a situation involving hypnotically enhanced testimony.

**13.** *See Roberts,* 940 S.W.2d at 659–60.

**14.** Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.1999).

**15.** *Id.*

**16.** *Taft,* 958 S.W.2d at 843.

**1.** *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex. Crim.App.1992) (orig.proceeding); *Stearnes v. Clinton,* 780 S.W.2d 216, 219 (Tex.Crim.App. 1989) (orig.proceeding); *Bennett v. Paxson,* 932 S.W.2d 81, 82 (Tex.App.—El Paso 1996, orig. proceeding).

**2.** *Texas Department of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981) (orig.proceeding).

**3.** *Frye v. United States,* 293 F. 1013 (D.C.Cir. 1923).

**4.** 758 S.W.2d 233 (Tex.Crim.App.1988).

**5.** *Soliz v. State,* 961 S.W.2d 545, 548 (Tex.App.— San Antonio 1997, pet. ref'd).

The State's motion for rehearing is overruled.