The **STATE** of Texas, Appellant,

v.

Cerjio **MARTINEZ**, Appellee.

No. 08–01–00212–CR.

Court of Appeals of Texas, El Paso.

Aug. 23, 2001.

Jaime E. Esparza, District Attorney, El Paso, Attorney for Appellant.

John P. Mobbs, El Paso, Attorney for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

McCLURE, Justice.

The State has appealed the trial court's order excluding evidence based upon the attorney-client privilege between Appellee Cerjio Martinez and a city attorney. Pending before us is Martinez's motion to dismiss the appeal for want of jurisdiction. Because the order is not one that may be appealed by the State, we grant the motion to dismiss.

## FACTUAL SUMMARY

Cerjio Martinez, an officer with the El Paso Police Department, has been charged with aggravated perjury based on inconsistencies between his statements to Detective David Norman and his surreptitiously recorded conversations with city attorney Stephanie Osburn. Martinez filed a motion to suppress all evidence obtained from Osburn, claiming attorney-client privilege.

The trial court found that Martinez had an attorney-client relationship with Osburn, that the privilege had not been waived, and that no exception to Texas Rule of Evidence 503 or Texas State Bar Disciplinary Rule of Professional Conduct 1.05 applied. Concluding that Martinez possessed the privilege to prevent disclosure of information related to Osburn by virtue of the attorney-client relationship, the trial court ordered that Martinez's taped conversations with Osburn, her grand jury testimony, her written statements, any other fact she learned via the attorney-client relationship, and all evidence obtained either directly or indirectly from Osburn were inadmissible and excluded from evidence.

The State's notice of appeal is countenanced upon Texas Code of Criminal Procedure, art. 44.01(a)(5), which authorizes the State to appeal from orders granting motions to suppress evidence, confessions, or admissions. Martinez contends that because the order excluding evidence is not an order granting a motion to suppress evidence within the meaning of the statute, the State lacks the right of appeal. We agree.

## THE VIABILITY OF STATE V. ROBERTS

Martinez argues, and the State candidly concedes, that under current law as articulated in State v. Roberts, 940 S.W.2d 655 (Tex.Crim.App.1996), the State's appeal from the order excluding evidence pursuant to Rule 503 is precluded. In Roberts, the Court determined that "the phrase 'motion to suppress evidence' as used in art. 44.01(a)(5) is limited to motions which seek to suppress evidence on the basis that such evidence was illegally obtained." Id. at 660.

This Court applied Roberts in State v. Medrano, 987 S.W.2d 600, 602 (Tex. App.—El Paso 1999, pet. granted), in which we concluded that a motion to suppress evidence is a term of art contemplating more than simple exclusion pursuant to general rules of evidence such that the statute does not allow interlocutory review of general pretrial evidentiary rulings. The Court of Criminal Appeals has granted review in Medrano and one of the issues presented requests the Court to reconsider its ruling in Roberts. Martinez

urges, however, that *Roberts* should be followed until it is overruled. The State counters that *Roberts* was wrongly decided, is both badly reasoned and unworkable, and permits the defendant's contentions to control the State's right to appeal. It may be all of the above and the Court of Criminal Appeals may well agree when they consider the issue in *Medrano.* Until then, we will follow it, not blindly as the State suggests, but because as an intermediate appellate court, we are bound to follow the law as declared by the higher court. *Contreras v. State,* 915 S.W.2d 510, 522 (Tex.App.—El Paso 1995, pet. ref'd).