NO. 07-02-0049-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 8, 2002

_____

RAYNALDO MEDELLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,285-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Raynaldo Medellin appeals from his conviction for delivery of a controlled substance. We dismiss for want of jurisdiction.

Appellant has filed a "Notice of Appeal and Request for Court's Permission to Appeal" from his judgment of conviction dated December 10, 2001, in Cause No. 44,285-B in the 181st District Court of Potter County for delivery of a controlled substance. Neither a clerk's record nor a reporter's record has been filed in connection with the appeal.

In his notice of appeal, appellant asserts that his conviction was pursuant to a plea bargain and that the punishment assessed by the trial court was in accordance with the plea bargain. Appellant does not allege that (1) his appeal is based on a jurisdictional defect, (2) the substance of the appeal was raised by written motion ruled on before trial or (3) the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3). He asserts only that he is "requesting that the [trial] court grant permission to Defendant to pursue his appeal."

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction *sua sponte;* for, unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3);[1] White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). Dismissal of an

---

[1]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. Id.

Appellant's Notice of Appeal does not contain any of the three allegations necessary to invoke our appellate jurisdiction over an appeal from his conviction. See TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction has not been invoked and we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

3