IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 826-02






ALEXANDER HERNANDEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


DALLAS COUNTY






 Keasler, J., filed this concurring opinion in which Keller, P.J. and Hervey, J.
join.


O P I N I O N 



 The majority says that Boykin v. State (1) does not address the situation of a statute's
silence, and as a result, the court must "round out" the law and "impose its own construction." (2) 
I disagree.

 Boykin instructs courts to apply the plain language of the statute unless the statute is
ambiguous or leads to an absurd result which the legislature could not possibly have intended. (3) 
The Court says this language "does not tell us what to do when the legislature leaves a gap"
through silence. But silence falls well within the umbrella of ambiguity. If a statute is silent
on a matter, it is ambiguous. We have recognized this many times. (4) Similarly, this statute is
silent on whether "an indictment" refers to an indictment alleging the same offense or any
offense. The majority's efforts to bring this case outside the ambit of Boykin are wholly
unpersuasive.

 I am also troubled by the Court's new guidelines for statutory construction. This new
category of "silent but not ambiguous" statutes is dangerous. The majority today gives courts
the power to "round out" statutes and "impose their own construction" whenever they perceive
statutes as silent. This will take us far from the literal text of the statute and gives courts none
of the guidelines that Boykin provides. Boykin limits the extra-textual journey to legislative
history, other statutes, consequences of the construction, etc. The Court's opinion today
provides no such limits and will serve as precedent for courts to strike out on their own in
interpreting statutes. This is a bad idea.

 I would apply Boykin to this case and conclude that this statute is ambiguous. I would
then consider extra-textual sources, which the Court does in the remainder of its opinion. I
would reach the same conclusion that the Court does regarding Art. 12.05(b). 

 I therefore concur in the Court's judgment.


DATE DELIVERED: February 4, 2004

PUBLISH




 
1. 818 S.W.2d 782 (Tex. Crim. App. 1991).
2. Ante, slip op. at 6-7.
3. Boykin, 818 S.W.2d at 785.
4. See Brown v. State, 98 S.W.3d 180, 183-85 (Tex. Crim. App. 2003) (finding
ambiguous a statute silent on definition of "voluntarily"); State v. Roberts, 940 S.W.2d 655,
658 (Tex. Crim. App. 1996) (finding ambiguous a statute silent on meaning of phrase "motion
to suppress evidence"); Lane v. State, 933 S.W.2d 504, 514-15 (Tex. Crim. App. 1996)
(plurality op.) (finding ambiguous a statute silent on meaning of "provide"); Lanford v.
Fourteenth Court of Appeals, 847 S.W.2d 581, 587 (Tex. Crim. App. 1993) (finding
ambiguous a statute silent on whether "a case" refers to a criminal case or a civil case).