NO. 07-07-0507-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 11, 2008

_____

ROBERT JOSEPH LEJEUNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 99269-M; HONORABLE JOHN STEVENS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Robert Joseph LeJeune, acting *pro se,* has filed with this Court a *Petition for Acquittal and Arrest of Judgment* pertaining to the judgment entered against him in Cause No. 99269-M, filed in the Criminal District Court in and for Jefferson County, Texas. Finding that we lack jurisdiction to consider this matter, we dismiss for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction to entertain an appeal. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996) *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). This Court's appellate jurisdiction is generally limited to cases appealed from trial courts in our district. Tex. Gov't Code Ann. §22.201 (Vernon 2004).[1] Jefferson County is not within this Court's district. *See id.* at (h).

Although not a part of Appellant's petition, this Court has determined that the judgment in question is the subject of an appeal pending before the 9th Court of Appeals as Cause No. 09-07-00408-CR, styled *Robert Joseph LeJeune v. The State of Texas.* As of this date, an *Anders* brief has been filed, but no judgment has been rendered. Appellant's prayer seeks to have this Court "review the defendant's Petition for Acquittal and Arrest of Judgment and render an opinion of acquittal of defendant's conviction."

Appellant relies upon Rule 17.1 of the Texas Rules of Appellate Procedure, which concerns instances in which a court of appeals is unable to take immediate action, and Rule 17.2, providing for action by "the nearest court of appeals that is able to take immediate action," as a basis for maintaining that this Court has jurisdiction to review this matter. Appellant, relying upon his incorrect reading of Rule 19.1, postulates that the

---

[1]To the extent, if any, that Appellant's pleadings could be read as initiating an original appellate proceeding seeking extraordinary relief, Tex. R. App. P. 52, we note that our mandamus and other writ authority is likewise limited. Tex. Gov't Code Ann. § 22.221 (Vernon 2004).

plenary power of the 9th Court of Appeals expired 60 days after entry of the trial court's judgment. Appellant further maintains that because the 9th Court of Appeals did not take action within that period of time, it was unable to take immediate action. Not only has Appellant failed to grasp the distinction between the trial court's judgment and the judgment of the Court of Appeals, Appellant has provided no explanation how, given the distance between the 9th Court of Appeals in Beaumont and the 7th Court of Appeals in Amarillo, this Court could be considered "the nearest available court of appeals." Because the 9th Court of Appeals has jurisdiction of this appeal, absent a valid transfer to this Court, we have no jurisdiction to consider Appellant's request, and nothing in the documents Appellant has filed demonstrates we otherwise have authority to grant any relief he seeks. *See Olivo,* 918 S.W.2d at 522-23.

Accordingly, we dismiss this appeal for want of jurisdiction.


Patrick A. Pirtle
Justice