NO. 07-09-0286-CR, 07-09-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
_____

BRETT JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,579, 2009-422,665; HONORABLE BRAD UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Brett Johnson, filed a notice of appeal with this Court seeking appeal of his conviction and sentence in trial court cause numbers 2009-422,579 and 2009-422,665. On October 23, 2009, the clerk's records in these two causes were filed with the Clerk of this Court. Neither clerk's record contains a judgment convicting appellant in the above identified cause numbers, rather, there are orders dismissing each cause. Concluding that we have no jurisdiction to address these appeals, we dismiss them as moot.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). A court has jurisdiction to determine whether it has jurisdiction. Roberts, 940 S.W.2d at 657; Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

Appellate courts are prohibited from deciding moot controversies. See Ex parte Flores, 130 S.W.3d 100, 104-05 (Tex.App.–El Paso 2003, no pet.). This prohibition is rooted in the separation of powers doctrine contained in the United States and Texas Constitutions that prohibit courts from rendering advisory opinions. See TEX. CONST. art. II, § 1; Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). A case is moot when (1) a party seeks a judgment to resolve a controversy, but no controversy exists, or (2) judgment is sought on a matter which cannot have any practical legal effect on an existing controversy. Texas Health Care Info. Council v. Seton Health Plan, Inc., 94 S.W.3d 841, 846-47 (Tex.App.–Austin 2002, pet. denied). Because appellant seeks relief from a conviction and a sentence that was never rendered, no controversy exists in these appeals. Further, our proceeding with the appeals and rendering opinions and judgments would have no practical legal effect on any existing controversy. Thus, we conclude that the appeals have become moot and dismiss them for want of jurisdiction. See Cabrera v. State, No. 01-02-00513-CR, 2002 Tex.App. LEXIS 5604, at *1 (Tex.App.–Houston [1st Dist.] August 1, 2002, no pet.) (memo. op.).

Accordingly, these appeals are dismissed as moot.

Mackey K. Hancock
Justice

Do not publish.

2