NO. 07-09-0340-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 8, 2010

__________________________

 

KYLE RYAN, APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

______________________________

 

FROM THE 181ST
DISTRICT COURT OF POTTER COUNTY;

 

NO. 51,222-B;
HONORABLE DAVID GLEASON, JUDGE

______________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant
Kyle Ryan filed a notice of appeal from an order of the trial court denying his
motion for forensic DNA testing pursuant to Chapter 64 of the Code of Criminal
Procedure.[1]  Finding we lack jurisdiction of the attempted
appeal, we will dismiss it.

Appellant filed his motion for
DNA testing on January 8, 2009.  The State
filed a response on January 28 asserting the motion was not sworn, no
biological evidence was obtained from the victim, and identity was not in issue.[2]  By order signed February 3, 2009, the trial
court denied appellant’s motion.  

On August 17, appellant filed a document in the trial
court entitled “Motion for Out-of-Time Appeal.” 
On August 21, the trial court signed an order granting appellant thirty
days to file a notice of appeal.  The
order contained a finding that appellant was apparently not served a copy of
the February 3 order.  Also on August 21,
the trial court certified appellant’s right to appeal.  Appellant filed a notice of appeal on
September 3.  

On our own motion, we questioned our jurisdiction.  We abated the case and requested a response
from appellant and the State.  Neither
party filed a response.   

            An appellate court is
obligated to determine, on its own motion, its jurisdiction to entertain an
appeal.  State v.
Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App.
1996), overruled on other grounds, State v. Medrano, 67 S.W.3d 892,
901-03 (Tex.Crim.App. 2002).  In a criminal case, the notice of appeal must
be filed within thirty days of the day the court enters an appealable order or
ninety days if a motion for new trial was timely filed.  See Tex. R. App. P. 26.2(a).  A court of appeals lacks jurisdiction to
consider an untimely filed notice of appeal. 
See Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996) (holding a timely notice of
appeal is necessary to invoke the jurisdiction of a court of appeals).  

            Appeals of trial court
orders under Chapter 64 are conducted in the same manner as those of any other
criminal matter.  Tex.
Code Crim. Proc. Ann. art. 64.05 (Vernon 2006).  The parties have not cited us to, and we do
not find, any authority authorizing the trial court to grant an out-of-time
appeal of its order denying relief under Chapter 64.  We conclude that regardless of the reason for
its filing at that date, appellant’s notice of appeal filed September 3 from
the trial court’s February 3 order was untimely filed and did not invoke our
appellate jurisdiction.  The appeal is
dismissed for want of jurisdiction.

            It is so ordered.

                                                                                                James
T. Campbell                                                                                                                                  Justice

 

Do not publish.

 











[1]  Tex. Code Crim. Proc. Ann. arts. 64.01 -- 64.05
(Vernon 2006 & Supp. 2009).

 





[2]
A clerk’s record was filed and it gives no indication of any proceedings
transcribed by a court reporter.  As the
State’s response to appellant’s motion indicated, appellant’s motion was not
accompanied by an affidavit and it was not sworn.  The motion did not raise identity as an issue
but asserted appellant was “actually innocent” and desired to “prove his actual
innocence.”  The State’s response
asserted biological material was not collected and identity was not in
issue.  

 

A
motion for forensic DNA testing must be accompanied by an affidavit sworn to by
the convicted person and setting forth relevant facts.  Tex. Code Crim. Proc. Ann.
art. 64.01(a) (Vernon Supp. 2009).  Further, a convicting court may order DNA
testing only if, inter alia, the
evidence still exists in a condition making DNA testing possible and identity
of the perpetrator was or is an issue in the case.  Tex. Code Crim. Proc. Ann.
art. 64.03(a)(1)(A)(i)
& (a)(1)(B) (Vernon Supp. 2009).  








-pagination:widow-orphan;tab-stops:center 3.25in'>                       FROM THE 47th DISTRICT COURT OF RANDALL
COUNTY;

 

                                  NO. 15,038-A; HON. DAN SCHAAP,
PRESIDING

                                           _______________________________

                                                                              

                                               ON ABATEMENT AND
REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL
and HANCOCK, JJ.

Appellant appeals from his conviction for aggravated assault with a
deadly weapon.  The clerk’s record
was filed on June 28, 2011.  The reporter
has requested an extension of time to file the record, stating that appellant
has not submitted a request to prepare the record, nor has he paid or made
arrangements to pay for the record. 
Counsel for appellant contacted this court on July 13, 2011,
representing that appellant no longer wishes to appeal.  On July 22, 2011, appellant’s counsel stated
that he would send this court a motion to dismiss.  To date, no motion to dismiss has been
received by the Court.

Accordingly, we
abate this appeal and remand the cause to the 47th District Court of Randall
County (trial court) for further proceedings. 
Upon remand, the trial court shall determine, by reasonable evidentiary
procedure it selects, the following:

1.  whether appellant desires to prosecute the
appeal; 

         2. 
whether appellant is indigent; and, if so,

3.  whether the appellant is entitled to a free record or
appointed counsel.

 

The trial court
is also directed to enter such orders necessary to address the aforementioned
questions.  So too shall it include its
findings on those matters (including the name, address, and phone number of any
attorney it may appoint to represent appellant in this appeal) in a
supplemental record and cause that record to be filed with this court by
September 2, 2011.  Should further time
be needed to perform these tasks, then same must be requested before September 2,
2011.  

It is so
ordered.

Per Curiam

Do not publish.