NO. 07-09-0340-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 8, 2010
_____

KYLE RYAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 51,222-B; HONORABLE DAVID GLEASON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Kyle Ryan filed a notice of appeal from an order of the trial court denying his motion for forensic DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure.[1]  Finding we lack jurisdiction of the attempted appeal, we will dismiss it.

Appellant filed his motion for DNA testing on January 8, 2009.  The State filed a response on January 28 asserting the motion was not sworn, no biological evidence

_____

[1] Tex. Code Crim. Proc. Ann. arts. 64.01 -- 64.05 (Vernon 2006 & Supp. 2009).

was obtained from the victim, and identity was not in issue.[2]  By order signed February 3, 2009, the trial court denied appellant's motion.

On August 17, appellant filed a document in the trial court entitled "Motion for Out-of-Time Appeal."  On August 21, the trial court signed an order granting appellant thirty days to file a notice of appeal.  The order contained a finding that appellant was apparently not served a copy of the February 3 order.  Also on August 21, the trial court certified appellant's right to appeal.  Appellant filed a notice of appeal on September 3.

On our own motion, we questioned our jurisdiction.  We abated the case and requested a response from appellant and the State.  Neither party filed a response.

An appellate court is obligated to determine, on its own motion, its jurisdiction to entertain an appeal.  *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002).  In a criminal case, the notice of appeal must be filed within thirty days of the day the court enters an appealable order or ninety days if a motion for new trial was timely filed.  *See* Tex. R. App. P. 26.2(a).  A court of appeals lacks jurisdiction to consider an

---

[2] A clerk's record was filed and it gives no indication of any proceedings transcribed by a court reporter.  As the State's response to appellant's motion indicated, appellant's motion was not accompanied by an affidavit and it was not sworn.  The motion did not raise identity as an issue but asserted appellant was "actually innocent" and desired to "prove his actual innocence."  The State's response asserted biological material was not collected and identity was not in issue.

A motion for forensic DNA testing must be accompanied by an affidavit sworn to by the convicted person and setting forth relevant facts.  Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2009).  Further, a convicting court may order DNA testing only if, *inter alia,* the evidence still exists in a condition making DNA testing possible and identity of the perpetrator was or is an issue in the case.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) & (a)(1)(B) (Vernon Supp. 2009).

untimely filed notice of appeal. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App. 1996) (holding a timely notice of appeal is necessary to invoke the jurisdiction of a court of appeals).

Appeals of trial court orders under Chapter 64 are conducted in the same manner as those of any other criminal matter. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon 2006). The parties have not cited us to, and we do not find, any authority authorizing the trial court to grant an out-of-time appeal of its order denying relief under Chapter 64. We conclude that regardless of the reason for its filing at that date, appellant's notice of appeal filed September 3 from the trial court's February 3 order was untimely filed and did not invoke our appellate jurisdiction. The appeal is dismissed for want of jurisdiction.

It is so ordered.

James T. Campbell
Justice

Do not publish.