NO. 07-02-0078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 23, 2002

_____

NICOLAS DAMEON MCFALLS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,774-C; HONORABLE ROBERT MONTGOMERY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Nicolas Dameon McFalls appeals from a conviction for burglary of a habitation. We dismiss for want of jurisdiction.

On July 26, 2001, in cause No. 43,774-C in the 251st District Court of Potter County, appellant pled guilty to the crime of burglary of a habitation. The plea was pursuant to a plea bargain agreement. The trial court found appellant guilty and, honoring the plea

agreement, sentenced him to 20 years incarceration in the Texas Department of Criminal Justice, Institutional Division. Sentence was imposed on July 26, 2001.

The clerk's record reflects a document which appears to have been prepared by appellant, acting *pro se*, which is entitled "Notice of Appeal and Motion for New Trial." The body of the document gives ". . . notice of appeal and motion for new trial with regards to the judgment and sentence here entered on July 28, 2001. . . ." The document was file-marked by the Potter County District Clerk on February 4, 2002, but it contains a certificate of service which sets out that it was served on the Potter County District Attorney on July 28, 2001. Appellant's notice does not allege that (1) his appeal is based on a jurisdictional defect, (2) the substance of the appeal was raised by written motion ruled on before trial or (3) the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3).[1]

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction *sua sponte;* for, unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, the Rules provide procedures which must be followed in order to invoke jurisdiction over a particular appeal. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). If the jurisdiction of a court of appeals is not properly invoked, the

---

[1]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

power of the appellate court to act is as absent as if it did not exist, id., and the appeal will be dismissed for lack of jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000).

Appellate jurisdiction is invoked by giving timely[2] and proper notice of appeal. Id. at 410. To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. See TRAP 25.2(b)(3); White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. Id.

Appellant's Notice of Appeal does not contain one of the three allegations necessary to invoke our appellate jurisdiction over an appeal from his conviction. See TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction has not been invoked and we dismiss the appeal for want of jurisdiction.

---

[2]In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. Id. Because appellant's notice did not invoke our appellate jurisdiction even if timely filed, we need not and do not address the question of the discrepancy between the date of July 28, 2001, in the certificate of service and the date of February 4, 2002, on which the document was filed by the clerk.

Per Curiam

Do not publish.