NO. 07-02-0291-CR
07-02-0292-CR
07-02-0293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 25, 2002

_____


JOHN STEVEN MCLAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 84833; 84835; 84837; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant John Steven McLain appeals from convictions in the Criminal District Court of Jefferson County in trial court causes numbered 84833, 84835 and 84837. We dismiss the three appeals for want of jurisdiction.

Appellant filed a general Notice of Appeal from his plea-bargained judgment of conviction in Cause No. 84830 in the Criminal District Court of Jefferson County for possession of a controlled substance. The appeal in cause No. 84830 is the subject of our appellate cause No. 07-02-0290-CR. The appeal was dismissed for lack of jurisdiction. Such appeal is a companion case to the instant appeals.

Appellant gave Notice of Appeal in causes Nos. 84833 (delivery of a controlled substance, judgment dated May 16, 2002), 84835 (delivery of a controlled substance, judgment dated May 16, 2002), and 84837 (delivery of marihuana, judgment dated May 1, 2002) in the Criminal District Court of Jefferson County via the same document by which he gave notice of appeal in our cause No. 07-02-0290-CR. Sentence was imposed in all causes on May 13, 2002.

In his original Notice of Appeal appellant did not allege that (1) his appeal was based on a jurisdictional defect, (2) the substance of the appeal was raised by written motion ruled on before trial or (3) the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3).[1] On November 12, 2002, appellant filed Amended Notices of Appeal alleging that the trial court gave permission for the appeals.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). As noted in our opinion in appellant's companion case, our cause No. 07-02-0290-CR,

---

[1]A rule of appellate procedure will be referred to as "TRAP __" hereafter.

2

appellant's original Notice of Appeal did not contain one of the three allegations necessary to invoke our appellate jurisdiction over an appeal from his plea-bargained convictions. See TRAP 25.2(b)(3); White v. State, 61 S.W.3d 424, 427-28 (Tex.Crim.App. 2001). Accordingly, our jurisdiction was not invoked by the original Notice. The out-of-time amended Notices are ineffective to invoke our jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000).

We dismiss the appeals for want of jurisdiction.


                                                    Phil Johnson
                                                    Justice

Do not publish.