NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-0171-CR, 07-10-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 15, 2011

———————————————————

GREGORIO RODRIGUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————————

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2009-455,818, 2009-458,190, 2009-425,597,

2009-422,825;  HONORABLE CECIL PURYEAR, JUDGE

———————————————————

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**ORDER ON ABATEMENT AND REMAND**

In these four cases, appellant Gregorio Rodriguez appeals his convictions on his open pleas of guilty and resulting sentences.  On our own motion, after examining the records, we consider our jurisdiction.  *See State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002) (appellate court may on its own motion address issue of its jurisdiction).

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

The reporter's record says sentence in each case was imposed in open court on March 3, 2010. Docket sheet entries in each case appear to indicate sentencing occurred on March 8. Our case numbers 07-10-0122-CR and 07-10-0123-CR were misdemeanor convictions. The written judgments in these cases state "judgment entered and sentence imposed on this 8th day of March, A.D. 2010." Our case numbers 07-10-0171-CR and 07-10-0172-CR were convictions for state jail felonies. The written judgments in these cases state "date judgment entered: 3-8-10" and "date sentence imposed/to commence" March 8, 2010. Also in case numbers 07-10-0171-CR and 07-10-0172-CR a document entitled "waiver of constitutional rights, agreement to stipulate, and judicial confession" indicates it was "sworn and subscribed" by appellant before a deputy district clerk on "3-8-10." Appellant filed a notice of appeal in each case on April 6, 2010.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996). In the absence of a motion for new trial, Rule of Appellate Procedure 26.2(a)(1) requires a notice of appeal be filed within 30 days after the day sentence is imposed in open court. Tex. R. App. P. 26.2(a)(1). The rules of appellate procedure provide for an extension of time to file the notice of appeal if "such notice is filed within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension." Tex. R. App. P. 26.3. Both the notice of appeal and the motion for extension of time must be filed within the time provided by the rules. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998) (per curiam); *Olivo,* 918 S.W.2d at 522.

Here, the clerk's records do not contain motions for new trial, nor did we receive a motion for additional time to file a notice of appeal. It is therefore evident that establishing the correct date sentence was imposed in open court is essential to determining our jurisdiction.

Each case is therefore abated and remanded to the trial court. On proper notice, the trial court shall convene an evidentiary hearing as soon as practicable to determine the following:

(1) the correct date on which sentence was imposed in each case; and

(2) if that date was other than March 3, 2010, why the reporter's record is incorrect.

Following the hearing, the trial court shall prepare findings of fact and conclusions of law regarding all matters it considered in conjunction with this order. The hearing shall be transcribed and included in a supplemental reporter's record. The trial court's findings of fact and conclusions of law as well as any orders made in compliance with this order shall be included in supplemental clerk's records, for each case. The supplemental reporter's record, and supplemental clerk's records prepared in each case, shall be filed with the clerk of this court on or before April 4, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before April 4, 2011.

It is so ordered.

Per Curiam

Do not publish.